### THOMAS, trustee, *et al, vs.* JONES & NORRIS.

1. That the judge of the circuit who granted a rule *nisi* on a motion for new trial is related to one of the parties within the fourth degree, is not good objection to the hearing of the motion by the non-resident judge who tried the case, and to whom the motion was submitted by consent of parties.
2. Two of the grounds, among others, being that the verdict was contrary to law and evidence, and the resident judge having granted a rule *nisi,* the motion was submitted by consent to the non-resident judge who tried the case. In answer to the rule, respondent showed for cause that neither the grounds of the motion nor the brief of the evidence had been approved. The judge hearing the motion corrected and approved them and overruled the objection :

*Held,* that there was no error in this proceeding.
3. That court was adjourned to a specified time at which no cases were to be tried except by consent, did not prevent the filing of a motion for a new trial.
4. The verdict was proper against the trust estate, but the usee for life and her trustee alone being parties defendant, the judgment should have been against the life estate only.

Practice in the Superior Court. New trial. Trusts. Parties. Judgments. Before Judge POTTLE. Richmond Superior Court. October Term, 1878.

Reported in the decision.

J. C. C. BLACK, for plaintiffs in error.

F. H. MILLER, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that to April term, 1876, of Richmond superior court, Jones & Norris commenced their action at law against J. J. Thomas and J. L. Clanton, trustees of Gertrude Thomas, wife of said J. J., and against said Gertrude Thomas, to recover out of the trust estate the sum of $992.36, a bill of particulars being annexed showing the provisions furnished from June 20, 1874, to December 2, 1874, with names of twelve laborers employed. *Non est inventus*, was returned as to Clanton, but J. J. Thomas, trustee, and Gertrude Thomas, acknowledged service March 2, 1876.

The trust was created under deed from Turner Clanton dated January 6, 1854, and recorded April 4, 1854.

The terms of the trust are as follows: "For the sole and separate use of said Gertrude, during her natural life, and that the same shall not be liable for the debts, contracts or liabilities of the said Jefferson, or any after-taken husband, and that upon the death of said Gertrude, to vest in her child or children, if any she have, share and share alike, the issue of a deceased child to take in the place and stead of its deceased parent. But if the said Gertrude leave no child or children, or the descendants of a child in life at the time of her death, as aforesaid, then the same shall return to and vest in the said Turner Clanton, if in life, and if not in life, then to the heirs at law of the said Turner Clanton." All the property set forth in plaintiffs' declaraion was held under said trust. Portion was afterwards conveyed, February 1, 1868, from J. J. Thomas, individually, and portion from distribution of Turner Clanton's estate, March 30, 1869.

The declaration sets out as follows: "That the children interested in the remainder and now in life are Turner C. Thomas, Mary Bell Thomas, Jefferson J. Thomas, Cora Lou Thomas, Julian C. Thomas and Katherine Thomas.

"That the trust estate became and is now liable for these provisions, money and supplies furnished the said trustees and *cestui que trust,* to feed and clothe the laborers engaged in cultivating the land, raising the crops thereon, and in keeping the premises in repair. When the debt became due the said J. Jefferson Thomas, as one of the trustees, executed his promissory note dated May 4, 1876, and due December 1, thereafter, for the sum of $1,124.35, and delivered the same to J. B. Norris, one of your petitioners, which note was not paid at maturity.

"That the said J. Jefferson Thomas is entirely insolvent and cannot be held liable on said note as trustee, which is hereby tendered back to him."

J. J. Thomas as trustee, and Gertrude Thomas separately, pleaded the general issue, which pleas were sworn to October 20th and 23d, 1877, they being represented by T. Oakman, Esq.

After this a portion of the trust property was placed in the hands of defendants' attorney, Thaddeus Oakman, and he ordered by J. J. Thomas, trustee, in writing, filed with the record, to pay over the moneys collected to plaintiffs' claim then in suit against the trust estate, and payments were made as set out in the record and allowed in the judgment

The case was heard and verdict rendered November 6, 1878, as follows:

"We, the jury, find for plaintiffs against the trust estate set out in the petition, the sum of $952.78, with interest and costs of suit, to be enforced by execution against the property and without personal liability of the trustee, as the trust estate is liable for the debt and its payment."

Judgment was entered November 6, 1878, against the property, and execution stayed by Judge E. H. POTTLE, of the Northern circuit, when he entered the judgment on the verdict, for thirty days.

On January 22, 1879, motion for a new trial was filed, and *supersedeas* granted by Judge CLAIBORNE SNEAD, of Augusta circuit, and rule *nisi* made returnable January 25, 1879.

The grounds of motion were :

1. Because said verdict is contrary to law.

2. Because said verdict is contrary to evidence, and without sufficient evidence to support it.

3. Because the court overruled a motion of defendants to dismiss said case, on the grounds that the petition on its face did not make said trust estate liable in said action.

4. Because the court held that the facts alleged rendered said trust estate liable in said action.

5. Because the court struck defendants' plea of general issue, and held defendants must plead specially.

Cause was shown by Jones & Norris as follows :

1. The rule *nisi* is void, having been issued by his Honor Judge SNEAD, who is related within the fourth degree of affinity to Gertrude Thomas, one of the defendants, and has, after one stay of execution has expired, been renewed without cause.

2. Because the grounds of the motion are not approved by the Hon. E. H. POTTLE, who presided in the case, and no reason given for his not doing so.

3. Because no brief of testimony has been filed and approved by the said judge, or any other judge, or consented to by the plaintiffs prior to or at the filing of said motion.

4. Because the brief of evidence filed is incorrect in the following particulars: "It was admitted by defendants' attorney that the articles sued for had been delivered to the trustee and used for the maintenance and support of the laborers employed in cultivating the trust estate and property in Richmond and Columbia counties, set out in the petition, for the use and benefit of the trust estate, the income of which estate was received by him as trustee, the names of the laborers appearing in the bill of particulars. That after the suit was brought, and plea of general issue filed,

a part of the trust property was placed in the hands of Thaddeus Oakman, defendants' attorney, to pay this debt as one due by the trust estate, and that the amount of the payments by him were to be credited on the judgment if rendered in favor of the plaintiffs, he (Oakman) not then having the original receipts present in court. Also, that all the beneficiaries of the trust were correctly set out in the petition."

5. Because the session of the court at which the motion is now made is specially for criminal cases, under the act authorizing such sessions, and the motion for new trial is therefore not filed in time nor within sixty days from the rendition of the judgment which stayed execution thirty days.

6. Because the motion failed to set out the events of the trial, which are as follows: "Defendants demurred to the declaration, which demurrer was overruled. Plaintiffs then put in evidence the deeds, will, and so forth, creating the trust as set out in the petition, with the admissions set out in the 4th objection, in addition to the brief filed, when defendants moved for a non-suit." Upon the discussion of this motion the court asked what plea was filed, to which a reply was given the general issue only; the judge then remarked it was insufficient, and defendants should plead specially. Plaintiffs' attorney then stated that under the evidence before the court it was solely a matter or question of law applicable to the facts which were not in controversy, and proposed that a verdict should be taken in accordance with the ruling of the court as to the liability of the trust estate for debts created for maintaining the laborers thereon. The proposition was consented to, and after argument the court held the trust estate liable, and a verdict was taken accordingly, without further objection from defendants' attorney.

The minutes of Richmond superior court show:

That the regular October term, 1878, commenced October 21, and was held four weeks, during which time juries were in attendance.

Thomas, trustee, *et al. vs.* Jones & Norris.

On November 14, 1878, Judge POTTLE presiding, the following special jurors were drawn : thirty-six for second day of December, 1878.

Court adjourned to November 15, 1878. November 15, met and adjourned to November 16, 1878. November 16, met and adjourned, no time being named, but order taken afterwards fixed the day to December 2, 1878. December 2, court met pursuant to adjournment, Judge GIBSON presiding. Adjourned to December 17, 1878, and daily to December 21, and then until 13th January, 1879. On 20th December, jurors were drawn for the court to meet January 13, 1879.

Court met January 13, 1879, Judge SNEAD presiding, and continued daily in session until rule *nisi* granted January 22, 1879.

It is admitted that no order appears on the minutes calling any adjourned or special term of the court.

Also, that about 20th December a meeting of the bar was held in the court-room, at which the presiding judge and judge elect were present, when it was, after hearing the views of Judge SNEAD about the court to meet in January, resolved that no cases would be tried at the January session of the court, except by consent, when that term met. The judge refused, in view of this action of the bar, to allow a motion to be made to dismiss a plea, parties not consenting.

At the time of the passage of the order of the judge correcting the minutes so as to fix a day of adjournment, Judge SNEAD ruled that he did not construe the action of the bar to prohibit the filing of a motion for new trial, or the correction by the court of its own minutes.

After the filing of motion, granting of rule and filing of return thereto, an order was passed as follows : " It appearing that this court was adjourned on the 16th of November last until the 2d day of December thereafter, but that entering the same on the minutes the clerk failed to state the term to which the court adjourned :

"It is ordered that the clerk amend the minutes by entering thereon the day to which the court adjourned, and that this order be placed on the minutes.

CLAIBORNE SNEAD, Judge Superior Court."

After the return of the rule an order was taken as follows : "Parties by their counsel in the above-stated case consenting, it is ordered that said motion for new trial be submitted to the Hon. E. H. POTTLE, Judge of the Northern Circuit, who presided in said case, to be heard and determined in vacation, with liberty to either party to except as in term time. No right is intended to be waived hereby by either party, except the question of jurisdiction in the granting of the rule *nisi* by Judge SNEAD, but not the time and term at which the action was had."

The papers were then submitted to Judge POTTLE, who overruled the motion February 22, 1879.

On the brief of evidence and motion for new trial he certified as follows : "I certify that the brief of evidence is correct, except that which is contained in the fourth ground of plaintiffs, in answer to the rule in this case, should be made part of the brief ; such was the testimony allowed on the trial.

E. H. POTTLE, Judge Superior Courts N. C."

"I also certify that the grounds of the motion are correctly stated except that the facts set forth by plaintiffs' counsel in his sixth ground of answer to the rule is a true version of the history of said case during the progress of the trial, and they are adopted by me.

E. H. POTTLE, Judge Superior Courts N. C."

*February,* 22, 1879.

The defendants' brief of evidence, previously filed, admitted the trust as set out in the declaration, that the property was held thereunder, the giving of the promissory note set out to close the account, that J. J. Thomas purchased the articles in bill of particulars, and gave the note as trustee, and was insolvent.

The assignment of error in bill of exceptions is, refusal

to grant new trial on the grounds set forth in the said motion.

1, 2, 3. The grounds insisted on by the plaintiffs by way of objection to the defendants' motion for a new trial being heard and considered by the court as hereinbefore set forth, were not well taken.

In view of the evidence in the record, the verdict was right, but from that evidence the court should have entered a judgment on the verdict for the sale of the life estate only of Mrs. Thomas in the trust property, and not the entire *corpus* of the property in which the remaindermen were interested. We therefore affirm the finding of the jury and the overruling of the motion for a new trial, and direct that the judgment of the court thereon be modified so as to order a sale of the life estate only of Mrs. Thomas in the trust property, or so much thereof as may be necessary to pay the plaintiffs' demand against it.

Let the judgment of the court below be affirmed, with directions as herein indicated.