REYNOLDS *v.* RANDALL.

*Simmons, C. J.*—1. Where in a suit to foreclose the statutory lien of a mechanic and material man upon real estate, the character of the indebtedness is clearly and distinctly set forth, it is competent for the court to allow an amendment praying a common law judgment; and such a judgment may be recovered though the claim of lien should fail. *Dunning & Tuttle* v. *Stovall*, 30 *Ga.* 444.

2. The evidence supports the finding of the court upon the questions of fact.　　　　　　　*Judgment affirmed.*

July 15, 1895. By two Justices.

Complaint on account. Before Judge Jones. City court of DeKalb county. November term, 1894.

H. G. Randall sued J. O. Reynolds for a balance of $82.26 upon an account for material furnished for building a house, etc. The account was attached to the declaration, which, as originally brought, claimed an indebtedness of $100 and sought to foreclose a lien therefor in favor of plaintiff as a contractor and material man. By amendment he prayed, that if the lien was barred or deficient, he might recover a common law judgment on the account. Such judgment was rendered in his favor by the judge presiding without a jury. Defendant excepted, alleging that the court erred in finding against his pleas of set-off and

recoupment, and in holding the amendment sufficient on which to base the general judgment therein prayed for; and that the finding was contrary to law and evidence, the weight of evidence, justice and equity.

The account sued on shows, on the debit side, a series of charges beginning January 1, 1893, and ending September 29, 1893, amounting to $484.82; and on the credit side, a balance due defendant as per settlement on that date, payments of cash on account of house, and credits for a number of hours labor, all amounting to $402.56. The account attached to the plea of set-off consists of a series of charges for a number of hours work as a mechanic, beginning September 26, 1892, amounting, up to December 20, 1892, to $109.36, immediately followed by charges for work in January, February and March, 1893, amounting to $70.62 (which last charges appear as credits on plaintiff's account). Defendant's account then shows credits of sundry amounts of cash paid in October and November, 1892, amounting to $38.50, and a credit of $30 paid in January, 1893 (which last item appears as a charge on the debit side of plaintiff's account). Plaintiff introduced his books of account, showing a footing up of his charges against defendant at the close of the year 1892, amounting to $338.06, credited with the sum of $370.55, with the entry, "Settled to date, Dec'r 31, 1892; bal. due J. O. R., $32.49." Plaintiff testified that the account as sued on was correct, just, due and unpaid, and was a transcript from his books. He introduced a witness who testified that he had had some dealings with plaintiff, and had found his accounts correct. Plaintiff further testified, that he contracted with defendant to build the house in question for $375, not $300; that defendant was his employee, built the house himself, was present at all times while the work was being done, accepted and moved into the house in the first part of 1893, making no complaint in any way until payment of the account sued on was demanded; that the house was painted in December,

1892, immediately after it was put up; that the weather-boarding was of new hard heart wood, and would not take or keep paint so readily as sap wood, which was why the paint did not stay on any better; that he informed defendant that it was a bad time to do painting, on acount of the weather, and that he could not do a good job of painting then, but defendant insisted that the work be done at once; that each of the items of the account, which were disputed by defendant, were just and proper, etc.

The testimony for defendant was: He was the foreman for plaintiff, who was a contractor for building houses, etc., and made all the calculations for him about procuring material for building, etc. Plaintiff knew nothing about such matters; he was no part of a mechanic. Defendant mentioned to him that he wished to build a house of two rooms for himself, and plaintiff told him to make a calculation of the amount it would cost to furnish the material and do the work, which defendant did, and found that all could be done for $300; and plaintiff agreed to put up the house and paint it for that sum. This was the contract. Defendant was to and did work on the house as an employee. It was completed and defendant moved into it on December 22, 1892. The paint put upon it was worthless, and so unskillfully put on that it is peeling and falling off, and is no protection. New paint would not stick on this coat; and to repaint the house this old paint would have to be scraped off, at great trouble and at a cost of $45 or $50. In addition to the overcharge of $75 on the contract price of the house, numerous specified items charged on the account of plaintiff, amounting to over $30, are unjust and improper, some of them being for material which defendant did not get. Plaintiff is indebted to him as set out in his plea of set-off, and the account attached thereto is true and correct and unpaid. Plaintiff did no work on the house; the work was done by hired men. Defendant made no complaint regarding the paint or material used, until plaintiff

demanded payment, which was several months after defendant moved in and occupied the premises.  He was corroborated by his wife and other witnesses, as to the contract price of the house, the paint, and certain of the disputed items of the account sued on.

*J. N. Glenn* and *T. H. Meacham*, for plaintiff in error.
*W. M. Morrison*, contra.