### 51125. CANDLER I-20 PROPERTIES v. INN KEEPERS SUPPLY COMPANY.

QUILLIAN, Judge.

On February 28, 1975, Inn Keepers Supply Company, a division of Holiday Inns, Inc., instituted an action in the Civil Court of Fulton County against Candler I-20 Properties, a partnership comprised of John C. Walsey and William J. Jarrard, and against the two partners as individuals. In that action, Inn Keepers sought recovery on a certain promissory note and a conditional sales contract. The complaint was in three counts, and the plaintiff predicated its right to relief on the fact that the defendant partnership owed the balance on the promissory note and also that the defendants had breached the contract by failing and refusing to pay the balance under the note. The third count sought recovery under a guaranty agreement.

Two weeks after the original action was filed in the Civil Court of Fulton County, a foreclosure action on personal property was filed by Inn Keepers in the State Court of DeKalb County against Candler I-20 Properties, a partnership composed of John C. Walsey and William J. Jarrard. The foreclosure action alleged that the

partnership owed Inn Keepers $32,263.83 plus interest, and was based on the written contract that was the subject of Count 2 of the original action. The partnership filed an answer which set forth, inter alia, the pendency of the action in Fulton County. The defendant partnership also filed a motion to dismiss the foreclosure action pursuant to Code § 3-601 based on the pending original action. The motion came on for a hearing at which Inn Keepers announced that it had dismissed the claim against the defendant partnership which was pending in the Civil Court of Fulton County. As a basis for overruling and denying the motion to dismiss, the order of the trial judge recited that the property sought to be repossessed is in DeKalb County and that this action does not involve the same parties nor the same claim for relief as the Fulton County action and that the plaintiff had voluntarily dismissed its claim against the partnership pending in the Civil Court of Fulton County.

An additional order was entered by the trial judge which was enumerated as error in this case. That order was entered on a hearing to determine possession of property which the plaintiff sought to foreclose. There the trial judge found that defendant had no legitimate offset to the payment of $5,784.23 principal which was due and payable as of the date of the filing of the petition to foreclose and ordered the defendant to pay that sum if it wished to retain possession of the property. *Held:*

1. For a discussion of the procedural requisites involved in similar circumstances, see *Harbin Lumber Co. v. Fowler,* 136 Ga. App. 90 in which we held a separate suit should have been brought as a compulsory counterclaim in a prior action. There the defendant in the first action brought the second action as plaintiff. Here the same parties were plaintiffs in both actions. In the instant case the question is whether the second action was maintainable during the pendency of the first.

The only prohibition against another suit in its own right is contained in Code §§ 3-601 and 3-607. Thus, as to a new suit there is no "same transaction" test but only the rules prescribed in those Code sections. Code § 3-601 provides: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against

the same party. . ." Code § 3-607 provides: "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement. . ."

This case involves a second suit which is based purely under the statutory foreclosure proceedings contained in Code Ann. Ch. 67-7 (Ga. L. 1974, pp. 398, 399, 400, 401, 402, 403) (amended in 1975 but not applicable here). Thus, the action would appear to involve the same parties and arise out of the same transaction and would involve the same contract, but the cause of action, as such term has been used in Georgia for many years, would not be the same. For, the first action involves a suit on the contract and the second action involves a foreclosure suit. "The holder of a mortgage on personal property may sue on the debt or may foreclose the mortgage against the property given to secure debt, either one or both, or may pursue both at the same time. . .The two actions (foreclosure of the mortgage and the suit on the debt) are unlike, the causes of action are not the same, and the results are dissimilar." *Banks v. Employees Loan &c. Corp.,* 112 Ga. App. 38 (3) (143 SE2d 787). *Walker v. Small Equip. Co.,* 114 Ga. App. 603, 604 (152 SE2d 629); *Juchter v. Boehm, Bendheim & Co.,* 63 Ga. 71, 74.

It is contended that since a creditor may now obtain a money judgment under the new foreclosure proceedings, this would result in two inconsistent money judgments and thus the older cases are inapplicable under the new law. We can not agree with this argument. Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400) reads: "If the defendant fails to answer, the court shall grant a writ of possession and, *if otherwise permitted by this Chapter, the plaintiff shall be entitled to a verdict and judgment by default for all of the amount due, together with costs, in open court or chambers,* as if every item and paragraph of the affidavit provided for in section 67-702 were supported by proper evidence without the intervention of a jury." There is no provision in "this Chapter" which would permit a money judgment. Hence, the italicized clause is inoperative. The suits herein involved are different causes of action and the pendency of the former does not serve to abate the latter.

Resolving problems involving pendency by the principle of "cause of action" under Code §§ 3-601 and 3-607 may not be the most desirable method within the context of the Civil Practice Act and indeed the "same transaction" test would seem a better one to apply in a situation of this sort, but there is no legislative authority for such treatment in this case. That being true, we are constrained to hold that the foreclosure action was not barred by the Code sections in question and therefore was not contrary to law.

2. We now consider the other enumerations of error, the second of which reads: "The trial court erred by considering evidence outside the pleadings in its ruling on the amount of bond that the appellant had to post to retain possession."

Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400) provides: "The defendant shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, provided that the defendant complies with the provisions of section 67-705." p. 401. Code Ann. § 67-705 then states: "(a) Where the issue of whether or not the plaintiff has the right to foreclosure cannot be finally determined at the hearing scheduled pursuant to section 67-703, the defendant shall be required to pay into the registry of the trial court: (1) all past due amounts admitted due for which there are no allegations of defenses or claims which, if proven, would offset said amounts alleged past due." Under Code Ann. § 67-705 (b), the trial court determines the amounts "actually to become due" at an evidentiary hearing. However, as to amounts past due no procedure for a hearing is provided. Thus, as we construe the Act no evidence of past due amounts should be considered and the trial judge should only determine whether there are allegations of defenses or claims which would offset amounts alleged past due. See Edwards, Chapter 67-7 and Personal Property Foreclosures, 11 Ga. B. J. 230.

In this case the defendant set forth several bases for denying the plaintiff's relief. Since, as a matter of law, the pleadings do not reveal the absence of any defense the defendant should not have been required to post bond. However, there is another order in the record unappealed

from by which the trial judge required the defendant to post bond for the same amount in order to stay the proceedings. Hence, the order enumerated as error would not be such harmful error as to require a reversal. Especially is this true because the first order as to the bond would in no way be final but would await the outcome of the trial. In short, we hold the rulings as to whether the defendant had any issuable defenses would have no binding effect on the final outcome of the case.

3. The third enumeration of error complains that: "The trial court erred in its determination that the appellee had a security interest under the contract of March 2, 1973." This ground is without merit since there is no showing that the trial judge ever ruled on whether or not the instrument involved was a security instrument. This matter, too, would be for the determination on the trial and not in the present scope, that is, on appeal from the preliminary hearing.

However, if the issue be considered as crucial to the maintenance of this action then there is an agreement creating a security interest contained in the record. No objections were raised in the lower court as to whether the pages were sufficiently attached, signed or incorporated. On the present record the instrument was not so insufficient as to bar the action.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED
NOVEMBER 26, 1975.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Cotton, Katz & White, J. Timothy White, J. Michael Lamberth,* for appellee.