54705, 54731. PORTER et al.
v. MIDLAND-GUARDIAN COMPANY (two cases).

SHULMAN, Judge.

Plaintiff petitioned to foreclose its security interest in defendant's mobile home and for a writ of possession. A trial was had before a judge without a jury. This appeal follows a judgment granting possession to the plaintiff

and awarding $2,724.38 as the unpaid balance owing by reason of the contract. We affirm the judgment.

1. "The sale of a mobile home comes within the provisions of the Motor Vehicle Sales Finance Act (Ga. L. 1967, p. 674; Code Ann. Ch. 96-10). [Cit.]" *Smith v. Society Nat. Bank,* 141 Ga. App. 19, 20 (232 SE2d 367).

2. Appellant asserts that appellee violated Code Ann. § 96-1004 as a matter of law by accelerating the loan without necessary prepayment adjustments and thereby demanding both earned and unearned finance charges. A violation of Code Ann. § 96-1004 invokes the penalty provisions of Code Ann. § 96-1008 (b) and results in forfeiture of "any finance charge, delinquency or collection charge on the contract."

A. By letter, appellant's collection supervisor notified appellee that the account was delinquent. The letter further advised: "In the event of your failure to honor this demand this letter shall constitute and be deemed to be notice that we declare the total obligation under your contract to be immediately due and payable." Appellant emphatically argues that the term "obligation" as used in this letter is not a casual or vague reference to the underlying transaction but, rather, is a specific reference to a clear provision in the loan contract defining "obligations." The term "obligations" is contractually defined as follows: "The security interest granted herein secures in addition to the Total of Payments, any and all amounts owing to the holder by Buyer, direct or indirect, absolute or contingent, due or to become due, now existing or hereinafter arising (all hereinafter referred to as the 'Obligations')." This contract provision is a version of a commonly used "dragnet" clause. See *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (237 SE2d 622). We are not willing to hold that the demand letter incorporated this provision by reference.

If the demand letter reference to "obligation" was intended to refer to a contractual provision, it was a reference to the acceleration clause and not the dragnet clause. The acceleration clause provided that on default the secured party has the right to "declare all of the Obligations to be immediately due and payable."

The mere presence of this acceleration clause is not

violative of the Motor Vehicle Financing Law. Cf. *Bell v. Loosier of Albany, Inc.,* 137 Ga. App. 50 (222 SE2d 839), holding affd. 237 Ga. 585 (229 SE2d 374) (clause allowing acceleration of "entire amount of purchaser's indebtedness" not violative of Georgia Retail Installment and Home Solicitation Sales Act, Code Ann. Ch. 96-9; legislative intent of Motor Vehicle Sales Finance Act and Retail Installment and Home Solicitation Sales Act similar).

"An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention. [Cit.]" *Bell,* supra, 137 Ga. App. 50, 53. See generally *Freeman v. Decatur Loan &c. Corp.,* 140 Ga. App. 682 (3) (231 SE2d 409).

"The contract in this case, when entered into by the parties, did not violate the Act; the rates charged over the entire term of the contract did not violate the Act; [and] the presence of the acceleration clause in the contract did not violate the Act. . ." *Bell,* supra, 237 Ga. 585, 586. Nor did the reference, if any, to the acceleration clause in the demand letter, absent an illegal enforcement attempt (i.e., a demand for recovery of unearned rates), violate the Act. Appellant filed its complaint against the buyer seeking recovery of earned, and therefore permissible, not excessive, rates only. Compare *Smith v. Society Nat. Bank,* supra, Division 1. Under these circumstances, the trial court's award of appellee's prayer which was based on the contract indebtedness with necessary adjustments for unearned finance charges was not contrary to the Motor Vehicle Sales Finance Act.

B. In another letter, an attorney acting on appellee's behalf notified appellant that the account was delinquent. The letter further advised appellant that ". . . under the terms of your security agreement and note. . . all remaining installments due thereunder [are declared] to be due and payable immediately." Appellant asserts that this acceleration demand necessarily included a charge for excessive rates and was therefore in contravention of the Motor Vehicle Sales Finance Act. We disagree.

The letter, in conjunction with other letters, effected

its intended purpose of acceleration. *Lee v. O'Quinn,* 184 Ga. 44 (2) (190 SE 564) (written notice of intent to exercise option is method of accomplishing acceleration).

We recognize that an acceleration of "all remaining installments" has been held to necessarily demand the collection of charges in excess of those permitted. See *Goodwin v. Trust Co. of Columbus,* 144 Ga. App. 787 (decided under Industrial Loan Act rationale). See also *Roberts v. Allied Fin. Co.,* 129 Ga. App. 10 (198 SE2d 416) (dicta: acceleration of "all remaining installments" would include impermissible charges; presence of clause with that language in contract violated the ILA).

We cannot agree, however, that the letter here necessarily demanded impermissible charges. The letter clearly stated on its face the monetary amount of the "Net Current Balance." The "Net Current Balance," to wit: $2,724.38, reflected necessary adjustments and sought recovery of earned, and therefore permissible rates only. The delinquency letter by its very terms negates any inference that the phrase "all remaining installments" necessarily demanded excessive charges and constituted an unlawful acceleration. This being so, we will not read into the letter an intention contrary to law. See Division 2A of this opinion.

The defense asserted in this enumeration is specious and the trial court properly rejected it as such.

3. Appellant also relies on testimony concerning the "total obligations" owing as of the date of the demand letter as indicating that this amount included unearned interest and was violative of the Act. It is clear from the record that this testimony was given under the assumption that appellant was requesting the balance due if appellant continued to pay on the schedule as provided by the contract, and could not be interpreted as either supporting or confirming appellant's contention that upon acceleration this same amount would be due without any adjustment as a result of prepayment.

4. Appellant argues, citing *Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94 (222 SE2d 881) and *Wallace v. Aetna Fin. Co.,* 137 Ga. App. 580 (224 SE2d 517), that a money judgment was not authorized in this case because there is no statutory provision in the

foreclosure law allowing for the entry of such a judgment.

If appellee were proceeding solely under Ch. 67-7, then no money judgment would be authorized. *Wallace,* supra (no provision for money judgment under foreclosure law if default judgment and not commercial transaction); *Candler I-20 Properties,* supra, at 96 (money judgment not authorized when action ". . . based purely under the statutory foreclosure proceedings contained in Code Ann. Ch. 67-7 . . ."; proceeding in which jurisdiction of the State Court of DeKalb County based solely on location of property sought to be repossessed in DeKalb County. See Code Ann. § 67-703).

This case does not involve a default judgment. Nor was the action brought solely under Ch. 67-7, i.e., Code Ann. § 67-703 did not provide the sole basis for jurisdiction. The uncontradicted pleadings show that appellant is a resident of the county where the action was brought. There is no reason to believe that service on the defendant was made other than in compliance with Code Ann. § 81A-104. Appellant does not assert that personal service was lacking so as to preclude a money judgment. See generally *Bullock v. Grogan,* 141 Ga. App. 40 (232 SE2d 605) (defense of lack of jurisdiction over the person is waived by failure to raise issue in responsive pleading).

Code Ann. § 67-704 provides in pertinent part that: "If the defendant fails to answer, the court shall grant a writ of possession and, if otherwise permitted by this Chapter, the plaintiff shall be entitled to a verdict and judgment by default for all of the amount due, together with costs, in open court or chambers, as if every item . . . were supported by proper evidence without the intervention of a jury."

Thus, it follows that Ch. 67-7 specifically contemplates that under limited circumstances a default judgment is authorized which will fully adjudicate "all of the amount due." See Code Ann. § 67-717. It would be unreasonable to hold that although Ch. 67-7 allows for judgment by default of "all of the amount due," no such judgment is authorized when the case is properly considered on the merits — when compliance with the service requirements of Code Ann. § 81A-104 is uncontested and a trial was had "in accordance with the

procedure prescribed for civil actions in courts of record." Code Ann. § 67-704.

Cases cited by appellant for the proposition that no general judgment is authorized in a foreclosure proceeding and that only a special lien against the subject property may issue (see e.g., *Walker v. Small Equipment Co.,* 114 Ga. App. 603 (152 SE2d 629); *Jackowitz v. Tingle,* 98 Ga. App. 463 (106 SE2d 44)), are inapposite as they were decided prior to the revisions of Ch. 67-7 which govern the instant case.

"A person holding . . . a conditional-sale contract may pursue any number of consistent remedies to enforce the payment of the debt until [and only until] it is satisfied. Obtaining a judgment on the note and foreclosure of the security device are consistent remedies, and the utilization of one will not constitute either an election or abandonment of the other. [Cit.]" *Hopkins v. West Pub. Co.,* 106 Ga. App. 596, 599 (127 SE2d 849). Under the circumstances here, appellee could have brought two separate actions (i.e., foreclosure suit/suit on debt). *Candler I-20 Properties,* supra. This being so, we can see no valid reason why both remedies could not be sought in, and ordered by, the same court, when appropriate.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED FEBRUARY 22, 1978 — REHEARING DENIED MARCH 14, 1978 — CERT. APPLIED FOR.

*W. E. Lockette,* for appellants.
*Hatcher, Cook & Strickland, Donald E. Strickland,* for appellee.