## 33663. PORTER v. MIDLAND-GUARDIAN COMPANY.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in Division 4 of its opinion in *Porter v. Midland-Guardian Co.,* 145 Ga. App. 262 (243 SE2d 595) (1978). The trial court, sitting without a jury, heard the issues and awarded the plaintiff-creditor Midland a writ of possession pursuant to the Personal Property Foreclosure Act (Code Ann. § 67-701 et seq.). The trial court also awarded a money judgment in favor of Midland against the defendant-debtor, Alfred Porter, for the full amount of the outstanding indebtedness. The Court of Appeals affirmed. This court reverses.

There is no provision in the Personal Property Foreclosure Act allowing a money judgment for the full amount of the indebtedness (as distinguished from a deficiency judgment) to be taken against the debtor other than in Code Ann. § 67-717, which allows a default judgment to be taken upon the failure of the defendant to appear and answer within the time provided in Code Ann.,

§ 67-715 "if the service on the defendant was made in such a manner as to comply with section 81A-104 of the Civil Practice Act." *Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94 (222 SE2d 881) (1975). However, Code Ann. § 67-717 only applies to *immediate* writs of possession under Code Ann. § 67-709 et seq., which sections pertain alone to *commercial* transactions, and not to *consumer* transactions, as those terms are defined in Code Ann. § 67-718. *Wallace v. Aetna Fin. Co.,* 137 Ga. App. 580 (224 SE2d 517) (1976).

Code Ann. § 67-717 has no application whatsoever in the present case, arising out of the sale of a house trailer for use as a personal residence because this case unquestionably involves a "consumer transaction" within the meaning of Code Ann. § 67-718 (b). Accordingly, the Court of Appeals erred in relying upon Code Ann. § 67-717 in its analysis of the issues. *Spencer v. Taylor,* 144 Ga. App. 641, 644 (5) (242 SE2d 308) (1978).

The Court of Appeals also erred by holding that "Code Ann. § 67-703 did not provide the sole basis for jurisdiction" in the present action on the ground that the defendant did not assert that personal service was lacking. Defendant pled to the action filed, which was one to foreclose a security interest in personal property in accordance with Code Ann. § 67-701 et seq. He was not required to defend against an action not brought. Process and service of process adequately complied with Code Ann. § 67-703. Hence, it should come as no surprise that defendant failed to object or to plead to the propriety of process and service.

The Court of Appeals correctly held that the creditor could have brought separate actions to foreclose the security interest and on the indebtedness (*Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94, supra), and, accordingly, that both remedies could be sought in the same action. However, a claim for the indebtedness, whether filed in a separate action or in the same action as a foreclosure proceeding under Code Ann. Ch. 67-7, must stand or fall upon the principles set forth in the Civil Practice Act, including, but not limited to, process and service of process, and may not be "piggy-backed" into court using the special rules

applicable to foreclosure actions under Code Ann. Ch. 67-7. The Court of Appeals therefore erred in holding that a money judgment could be recovered in the present action which was based alone upon Code Ann. § 67-701 et seq.

*Judgment reversed. All the Justices concur, except. Bowles, J., who concurs in the judgment only.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 5, 1978.

*W. E. Lockette,* for appellant.
*Steven Gottlieb,* amicus curiae.
*Hatcher, Cook & Strickland, Donald E. Strickland,* for appellee.