### 56246. DEIN v. CITIZENS JEWELRY COMPANY.

SMITH, Judge.

Appellee, Citizens Jewelry Company, brought this suit to foreclose on security interests it possessed covering various pieces of jewelry which appellant Dein had purchased from appellee over a period of time. The appeal is from the trial court's entry of judgment in accordance with a directed verdict in favor of appellee. We reverse that part of the judgment awarding $32,948.85 and affirm that part granting appellee a special lien on the jewelry.

1. Appellee instituted this action under Ga. L. 1974, pp. 398, 399 (Code Ann. § 67-701 et seq.) alone, that law here providing the sole basis for jurisdiction, and thus the trial court erred in entering a money judgment. *Porter v. Midland-Guardian Co.*, 242 Ga. 1 (247 SE2d 743) (1978). "[A] claim for the indebtedness, whether filed in a separate action or in the same action as a foreclosure proceeding under Code Ann. Ch. 67-7, must stand or fall upon the principles set forth in the Civil Practice Act, including, but not limited to, process and service of process, and may not be 'piggy-backed' into court using the special rules applicable to foreclosure actions under Code Ann. Ch. 76-7." *Porter*, supra, pp. 2-3.

2. Appellant asserts the granting of a special lien as to certain pieces of the jewelry was inappropriate because the security agreements covering them had been rendered ineffective by an accord and satisfaction. However, appellant cites no portion of the record or transcript supporting his assertion, and we thus have insufficient cause to reverse that portion of the trial court's judgment granting a special lien. Court of Appeals Rule 18(c)(3); *Rambo v. Fulton Financial Corp.*, 145 Ga. App. 791 (245 SE2d 12) (1978).

3. Appellant next complains about the trial court's issuing a writ of possession pursuant to Ga. L. 1974, pp. 398, 401 (Code Ann. § 67-705(d)), upon appellant's failure to pay particular sums of money into the court's registry. That writ of possession (upon which execution never issued) only affected "the right to possession pending a final decision on the merits" (Code Ann. § 67-705 (d), supra), and appellant's complaint was rendered moot by the entry of a final decision. Likewise mooted was the question of whether the court erred in ordering appellant, pursuant to Ga. L. 1974, pp. 398, 401 (Code Ann. § 67-705), to pay the sums of money into the court's registry.

4. Appellant moved for judgment on the pleadings, but he did not appeal the denial of the motion until this appeal. After the trial and verdict, it is here too late to appeal the denial of that motion. *Melton v. Bow,* 145 Ga. App. 272 (5) (243 SE2d 590) (1978).

5. The remaining enumerations of error are unsupported by argument, citation of authority or reference to the record and transcript, and therefore they present no cause for reversal. Court of Appeals Rule 18(c).

6. Appellant having advanced no valid reason to reverse the portion of the trial court's judgment granting a special lien, we affirm that portion.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED FEBRUARY 21, 1979 — REHEARING DENIED MARCH 16, 1979 —

*Mark V. Spix,* for appellant.

Ed Dein, *pro se.*

*Hirsch Friedman, Arnold Cooperman,* for appellee.