## 56788. SUPERIOR RIGGING & ERECTING COMPANY, INC. v. WORLD OF SID & MARTY KROFFT et al.

SHULMAN, Judge.

After defendants (alleged by plaintiff to be members in a joint venture) refused to pay plaintiff $19,315 for services rendered in redesigning and correcting structural failures in a carousel, plaintiff filed a pleading denominated "Foreclosure of Mechanic's Lien" "for the purpose of foreclosing said lien, obtaining a writ of possession for the property described therein and having a judgment entered for the amount of the aforementioned indebtedness. . ." This appeal follows the grant of summary judgment in favor of defendants. We affirm the judgment with certain directions.

1. In granting the motion for summary judgment the trial court sustained appellees' contention that the foreclosure was not authorized by statute or otherwise. Appellant, citing Code Ann. § 3-105, submits that the court should have framed a remedy and that summary judgment was therefore improper. We disagree.

Under the case as developed by appellant, appellant simply had no right from which to frame a remedy. The record shows that the plaintiff was attempting to assert its claims under a proceeding which resembled both a civil action and an action pursuant to a special statutory proceeding. The pleading, which demanded a writ of possession, a money judgment, and a lien, was sworn to by plaintiff's attorney. A summons issued commanding and requiring the defendants to answer "the affidavit" (i.e., the pleading sworn to by plaintiff's attorney) orally or in writing within seven days of service. See, e.g., Code Ann. § 67-703. Attached to the pleading was a claim of lien filed within 90 days after labor and materials were furnished on the carousel. See Code Ann. § 67-2003.

A. In the instant case, the summons required an answer in seven days and, except as authorized by § 67-703, did not otherwise comply with the requirements of the Civil Practice Act. *Gresham v. Symmers,* 227 Ga. 616 (3) (182 SE2d 764); *Lee v. G.A.C. Fin. Corp.,* 130 Ga. App. 44 (3) (202 SE2d 221). Ch. 67-7 does not authorize a

money judgment. *Porter v. Midland-Guardian Co.,* 242 Ga. 1 (247 SE2d 743). As "a claim for the indebtedness, whether filed in a separate action or . . . a foreclosure proceeding under Code Ann. Ch. 67-7, must stand or fall upon the principles set forth in the Civil Practice Act. . . " (*Porter,* supra, p. 2), this action insofar as it seeks a money judgment must fall. Accord, *Spencer v. Taylor,* 144 Ga. App. 641 (242 SE2d 308), where this court held that although a writ of possession had properly issued under Ch. 67-7, a money judgment was not authorized. (The statement of facts shows that default judgment for the amount of the indebtedness could not properly have been entered prior to the expiration of the Civil Practice Act's 30-day time period for answering and the time for opening a default.) Because this action did not satisfy the procedural requisites of a civil action for a money judgment, we need not decide whether the allegations in appellant's pleadings stated a claim for relief as to the indebtedness issue. Compare *Allied Asphalt Co.· v. Cumbie,* 134 Ga. App. 960 (2) (216 SE2d 659), involving a claim for indebtedness where compliance with CPA time periods and service requirements was not an issue; *Parish v. Murphy,* 51 Ga. 614; and *Reynolds v. Randall,* 97 Ga. 231 (22 SE 577), involving special lien statutory procedures which did not conflict with general requirements for an action on the indebtedness.

B. Nor was this action authorized against these defendants under Ch. 67-7. Pretermitting whether the property involved in this action is personalty or realty, the evidence on summary judgment shows that appellant did not hold a "security interest on personal property," which is a requisite to an action under Ch. 67-7. See Code Ann. § 67-701. Cf. *Gainous v. Martin,* 10 Ga. App. 210 (72 SE 1100), where the plaintiff mistakenly proceeded under a statute which afforded no remedy.

2. As this action was not authorized, alleged issues of fact concerning appellant's claim of indebtedness are irrelevant and would not preclude summary judgment.

3. On appeal, appellant asserts for the first time that summary judgment was improper on the ground that answers and motions for summary judgment were not filed by certain parties defendant in their own right, but,

rather, answers and motions were filed by other joint venturers on behalf of the joint ventures to which the certain parties defendant belonged. As this issue was not raised in the trial court, appellant will not be heard to complaint now. *Guay v. Nienaber,* 143 Ga. App. 97 (238 SE2d 128); *Allen v. Seaboard C.L.R. Co.,* 128 Ga. App. 391 (1) (196 SE2d 878); *Central of Ga. R. Co. v. DeLoach,* 18 Ga. App. 362 (4) (89 SE 433), revd. on other grounds 246 U. S. 655.

4. Insofar as the record shows, The World of Sid & Marty Krofft was not served, filed no answer, and made no motion for summary judgment. Summary judgment, however, was entered in its favor. We agree with appellant's contention that the trial court was not authorized to do so.

We therefore direct that the judgment of the trial court be modified so as to exclude The World of Sid & Marty Krofft from operation of the judgment. See, e.g., *Thomas v. Jones & Norris,* 64 Ga. 139 (4).

*Judgment affirmed with direction. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 12, 1978 — DECIDED FEBRUARY 21, 1979.

*Noah J. Stone, James L. Flemister,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Jeffrey W. Kelley, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Roderick C. Dennehy, Jr.,* for appellees.