### 60665. COMMERCIAL CREDIT CORPORATION v. HAWKINS.

McMURRAY, Presiding Judge.

This case involves a petition for writ of possession brought by Commercial Credit Corporation, a secured creditor, against Lucious Hawkins, under the terms of an assumption agreement by which the interest of a prior owner in a mobile home had been transferred to Hawkins, in consideration whereof Hawkins bound himself to the prompt payments, performance and discharge of all obligations and covenants of the original contract.

In response to the petition for writ of possession, the defendant Hawkins answered, admitting jurisdiction and possession of the mobile home by reason of the assumption agreement, but otherwise denying the claim as to the right of foreclosure, adding numerous

other defenses thereto and in particular that he was not in default as to payments on the mobile home. The defendant also filed a counterclaim.

A hearing was held by the trial court "to consider the question of whether or not the defendant is in default and whether or not a Writ of Possession should issue," the court stating in its order, in which findings of fact and conclusions of law were included, that the parties had been afforded an opportunity to present evidence and argument.

After a review of the evidence, the court found the defendant still owed $685.57, that is, the difference between the payments made and the charges made. The court then concluded as a matter of law that the holder of the contract (a security interest on personal property) could foreclose the same and "be entitled to an execution," directing the sheriff or marshal to sell the secured property to satisfy the amount due from the debtor. A writ of possession issued ordering the Sheriff of Crisp County, Georgia, to levy upon the mobile home and "at the option of plaintiff," the sheriff was to "surrender the property to plaintiff for disposition under the Uniform Commercial Code or advertise and sell the property in the same manner as levy and sale under execution with the proceeds being first applied by said levying officer to pay the balance due plaintiff."

Defendant appealed in Case No. 60664; however, that case has been withdrawn by the defendant and is no longer before this court for review. The plaintiff, Commercial Credit Corporation, however, cross appealed as to the finding of the indebtedness in the amount of $685.57, contending "the amount so determined to be in error." Error is enumerated that the court failed to include in the indebtedness "the accelerated portions of the . . . [defendant's] . . . obligations under the contract," and failed to include "reasonable attorney's fees incurred . . . in the collection of the debt." *Held:*

1. The trial court did not make a final order here with reference to any deficiency judgment which the defendant might owe by reason of the acceleration of the indebtedness. The trial court merely determined whether or not a writ of possession should issue. A finding was made that the defendant was in default and owed "the difference between the payments made and the charges made, . . . $685.57," and thereafter ordered a writ of possession to issue. Ordinarily, if plaintiff seeks a money judgment as well as a writ of possession, the issuance of the writ is not a final determination and the cause is still pending in the court below. See *Porter v. Midland-Guardian Co.,* 242 Ga. 1, 2 (247 SE2d 743), reversing in part s.c., 145 Ga. App. 262 (243 SE2d 595); *Sumner v. Adel Banking Company,* 241 Ga. 563 (246 SE2d 680), overruling *Coppage v. Mellon Bank,* 142 Ga. App. 12 (234 SE2d 824), and *First Nat. Bank v. Baker,*

142 Ga. App. 870 (237 SE2d 233); *Jordan v. Ford Mtr. Credit Co.,* 147 Ga. App. 515, 516 (249 SE2d 327). Further, the court did not rule on the defendant's counterclaim.

2. Plaintiff here did not seek a money judgment but merely to foreclose its security interest and the issuance of a writ of possession. The trial court granted the writ of possession after a hearing. Since the plaintiff did not seek a money judgment with reference to the indebtedness as accelerated as to the obligations under the contract and reasonable attorney fees, the plaintiff is not entitled to such judgment. Nor did the trial court decide such an issue since the only issue before the court in its hearing was whether or not the defendant was in default and whether or not the writ of possession should issue. Accordingly, there is no merit in plaintiff's enumerations of error.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED OCTOBER 16, 1980.

*John T. McGoldrick, Jr.,* for appellant.
*Oliver Hunter, W. E. Lockette,* for appellee.