# Court of Appeals
# of the State of Georgia

ATLANTA,  August 15, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1739. AUJENNE CHANEL JOHNSON v. DRUID HILLS HOLDING, LLC.

Plaintiff Druid Hills Holding, LLC ("Druid Hills") filed a dispossessory action in magistrate court, and defendant Aujenne Johnson filed an answer and asserted a counterclaim for damages. The matter was transferred to superior court, where Johnson filed a motion for summary judgment. On April 9, 2025, the trial court entered an order requiring Johnson to pay $8,988.00 in back rent into the registry of the court, and a separate order continuing the case for a hearing to be held on June 9, 2025. Johnson subsequently filed motions to stay and set aside the trial court's money judgment, which the trial court denied. The trial court issued Druid Hills a writ of possession, and this appeal followed. Druid Hills has filed a motion to dismiss, arguing that this Court lacks jurisdiction to consider Johnson's direct appeal because the trial court has not entered a final judgment in the case. We agree.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the record contains no indication that the trial court has adjudicated Druid Hills's claim for accruing rent, Johnson's counterclaim, or her motion for summary judgment. Because the case is still pending, Johnson was required to file an application for interlocutory review under OCGA § 5-6-34 (b) to appeal the orders at issue here. See generally *Howard v. Collins*, 170 Ga. App. 362, 362-363 (317 SE2d 630) (1984) (when a claim for rent remained pending, the issuance of a writ of possession was an interlocutory order which was appealable only under the procedures set forth in OCGA § 5-6-34 (b)); *Commercial Credit Corp. v. Hawkins*, 156 Ga. App. 135, 136 (1) (274 SE2d 132) (1980). Johnson's failure to comply with the appropriate appellate

procedure deprives this Court of jurisdiction over this appeal. See *Howard*, 170 Ga. App. at 363. Accordingly, Druid Hills's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  08/15/2025

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*