# Court of Appeals
# of the State of Georgia

ATLANTA,  January 02, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0899. TEELA SPILLER v. WRPV XV PEACHTREE ATLANTA, LLC.**

WRPV XV Peachtree Atlanta, LLC ("Plaintiff") filed this action against Teela Spiller ("Defendant") in magistrate court, seeking a writ of possession as well as past-due rent and utilities. Defendant asserted a counterclaim for damages, and the case was transferred to superior court. The superior court issued Plaintiff a writ of possession, and this direct appeal followed. We lack jurisdiction.

Under OCGA § 5-6-34(a)(1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the record contains no indication that the superior court has adjudicated Plaintiff's claim for past-due rent and utilities or Defendant's counterclaim for damages. Because the case is still pending, Defendant was required to obtain a certificate of immediate review and file an application for interlocutory review under OCGA § 5-6-34(b) to appeal the writ of possession. See *Howard v. Collins*, 170 Ga. App. 362, 362–63 (317 SE2d 630) (1984) (when a claim for rent remained pending, the issuance of a writ of possession was an interlocutory order which was appealable only under the procedures set forth in OCGA § 5-6-34(b)); *Commercial Credit Corp. v. Hawkins*, 156 Ga. App. 135, 136 (1) (274 SE2d 132) (1980).

Defendant's failure to comply with the appropriate appellate procedure

deprives this Court of jurisdiction over this appeal, which is hereby DISMISSED. See *Howard*, 170 Ga. App. at 363.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  01/02/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*