FARKAS *v.* DUNCAN.

The owner of two mare mules called respectively " Dilsie " and
" Kate," the former being " a light bay, or mouse colored," and the
latter " of light yellowish or sorrel color," executed and delivered
a mortgage, which was duly recorded, on one of these mules, de-
scribed in the mortgage as " one bay mare mule named Katie,"
and afterwards sold and delivered the mule called " Dilsie " to a
third person. The mortgage was foreclosed and levied on the
mule called " Dilsie," and the purchaser filed a claim. Under
these facts, and others embraced in the parol evidence, it was a
question for the jury first, to which mule the mortgage applied,
and secondly, if it applied to " Dilsie," whether, notwithstanding
the misnomer, the description in the mortgage was sufficient to
identify her so as put the purchaser on notice.

April 23, 1894.  Argued at the last term.

Levy and claim.    Before Judge BOWER.    Dougherty
superior court.    April term, 1893.

D. H. POPE, for plaintiff.

R. HOBBS and W. T. JONES, *contra.*

LUMPKIN, Justice.

In addition to the facts briefly summarized in the
head-note, it is also proper to state that there was a con-
flict in the evidence as to whether the mortgagor in-
tended the mortgage to apply to the mule he called
" Dilsie," or the one he called " Kate," and upon this
single issue a verdict either way would have been war-
ranted.    This question, however, was not really submit-
ted to the jury, because, by his charge, the judge, in
effect, instructed them that if the mortgagee accepted a
mortgage upon a mule described in the mortgage as
bearing the name of " Kate," he could under no cir-
cumstances subject to the mortgage a mule bearing the
name of " Dilsie," and that consequently, the purchaser
from the mortgagor of a mule bearing the latter name
would, in any event, be protected.    In other words, the
court made the case turn entirely upon the question of

name, ignoring altogether the question of color. In doing this, we think the court restricted the jury within limits too narrow to enable them to pass fairly upon the issues involved. It would seem that the color of a mule is more important as an element of description than a mere name. The color is certain, permanent and easily observed. The name is arbitrary, not discoverable by inspection, and may be changed, or even falsely stated in the first instance for a fraudulent purpose. We do not mean to say that anything of this kind was done in the present case; but we entertain no doubt that the case should have been submitted to the jury so that, taking into consideration the evidence as to names, colors, and all other facts and circumstances, they might be enabled to fairly decide the question of primary importance, viz: whether or not the mortgage really applied to the mule called "Dilsie." If, under proper instructions from the court, the jury should find it did not, that would end the case in claimant's favor. On the other hand, should they find the mortgage did apply to "Dilsie," and was so intended, it would then be a question for the jury whether, notwithstanding the fact that the mule mortgaged was erroneously described in the mortgage as "Katie," the description contained in the mortgage would be sufficient to so identify the mule thereby intended to be covered as to put a purchaser on notice. The truth is, the mortgage before us does not accurately describe either of the mules in question. It appears that the one called "Kate" was not a bay, and that the one which was in fact a bay was called "Dilsie." Still, it would not do to say absolutely that the mortgage was ineffectual to create a lien upon either. The maxim *falsa demonstratio non nocet*—"mere false description does not make an instrument inoperative"—applies. See Broom's Legal Maxims, 629, 630, where the doctrine is thus announced: "*Falsa demonstratio* may be defined to be an

erroneous description of a person or thing in a written instrument; and the above rule respecting it may be thus stated and qualified: as soon as there is an adequate .and sufficient definition, with convenient certainty, of what is intended to pass by the particular instrument, a subsequent erroneous addition will not vitiate it: *quicquid demonstratœ rei additur satis demonstratœ frustra est.* The characteristic of cases within the principal maxim being that ' the description so far as it is false applies to no subject at all, and so far as it is true applies to one only.' " Numerous inaccurate descriptions occur in wills, but these documents are nevertheless often set up and established in spite of the same. Any one desirous of pursuing the investigation further may consult with profit the cases cited on page 630 of the work just referred to. See, also, *Burge* v. *Hamilton et al., executors,* 72 *Ga.* 568. In the brief for defendants in error in that case, which was prepared by the present Chief Justice, who was at that time one of their counsel, numerous cases are cited on the general doctrine of the maxim above quoted. *Ibid.* 597–8. Our conclusions in the present case are also supported by the text of Jones on Chattel Mortgages (4th ed.), §§53–55. In *Nichols* v. *Hampton,* 46 *Ga.* 253, it was held that a paper providing for a lien on a " bay mare," and showing that the mare was purchased by the mortgagor from the mortgagee, might be sufficient to put on notice any one who would read the paper. Judge McCAY said: " The description will apply to any bay mare; but there is another description added, to wit: the bay mare sold by the plaintiff to Johnson." In *Stewart* v. *Jaques,* 77 *Ga.* 365, the words, " one bay mare, two mare mules, one horse mule," used in a mortgage, were held insufficient to put on notice, by its record, one who purchased from the mortgagor a black horse mule and a black mare mule of stated ages. There, no color with refer-

ence to the mules was stated in the mortgage, nor were any other descriptive terms as to them used; and besides, it appeared that the mortgagor had several places on which he had mules.

After all, it is, in most cases, obviously impossible to so accurately and minutely describe articles of personal property in a mortgage as to enable any one, by a mere inspection of the mortgage, and without reference to any other source of information, to identify them. It is also certain that errors of greater or less importance will often occur, but they do not always vitiate. As stated by Jones in one of the sections above cited: "Descriptions do not identify of themselves; they only furnish the means of identification." It would be difficult to lay down an inflexible rule for determining what description would, or would not, be sufficiently full and complete to put a purchaser of mortgaged property on notice, or what errors or inaccuracies in the matter of description should, or should not, be held to render the instrument insufficient for this purpose. In cases of doubt, the matter should be left to the jury for determination in the light of all the facts and circumstances.

*Judgment reversed.*