### 1799.  REYNOLDS *v.* JONES.

The only question in this case was a single issue of fact, to wit, whether the property levied upon under the mortgage foreclosure was the same property described in the mortgage; and on this issue the evidence was in sharp conflict. The identity of the property was exclusively a question for the jury, under the evidence; and the direction of a verdict was error.

Levy and claim; from city court of Sylvester—Judge Williamson. January 29, 1909.

Submitted May 20,—Decided December 10, 1909.

*J. J. Forehand, L. D. Passmore*, for plaintiff.

*J. H. Tipton, Claude Payton*, contra.

HILL, C. J. The questions in this record arose on the trial of a claim case. W. J. Reynolds (plaintiff in error) held a chattel mortgage executed by J. R. Reynolds on January 23, 1906, covering, among other personal property, "two black mares, one name Maud, and the other Daisy; one 3½ years old, and the other eight years old." On November 25, 1908, he foreclosed this chattel mortgage, and on October 9, 1908, the mortgage fi. fa. was levied on the following described property, to wit: "One black mare about 3½ years old, name Daisy." On October 12, 1908, Jones, the defendant in error filed a statutory claim to the mare in question and executed a statutory bond. On the trial of the claim case the plaintiff proved the execution and foreclosure of the chattel mortgage, and also proved that at the date of the mortgage the title to the black mare named Daisy, covered by the mortgage, was in the mortgagor. There was conflict in the evidence as to the identity of the mare in question. The witnesses in behalf of the plaintiff identified the mare as the one J. R. Reynolds owned and had mortgaged to the plaintiff. The claimant testified, that the mare which had been levied upon was not the black mare named Daisy, covered by the mortgage, the property of J. R. Reynolds, but that the mare in controversy was bought by him from one Dr. Robertson, about two years prior, and that she had been in his possession from that time until she was levied on under said mortgage execution; that Dr. Robertson had bought or traded for her from one Mr. Luke, about three years before the claimant bought her, and that she was never known by the name of Daisy, but was called Maud, and was raised in Irwin county by Mr. Luke. Mr. Luke corroborated the claimant's testimony as to these facts. At the conclusion of the evidence the court directed a verdict in behalf of the claimant, finding the mare levied on not subject to the execution. The plaintiff excepts to this direction of a verdict.

The direction of a verdict by the court in behalf of the claimant was based upon two propositions: (1) that the description of the property in the mortgage was insufficient to create a lien or to

constitute notice; and (2) that the evidence shows that the claimant and his predecessors in title had been in possession of the property for more than two years prior to the date of the levy. As to the first proposition: "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect. It must be executed in the presence of, and attested by, or proved before, a notary public or justice of any court in this State," etc., and recorded. Civil Code of 1895, §2724. It was not denied that the mortgage in this case had all the constituents of a statutory chattel mortgage, and was duly executed and recorded. The description of that part of the property covered by the mortgage, pertinent to the question now under consideration, was: one black mare named Daisy. This description is very general, but under the decision of the Supreme Court in the case of *Nichols* v. *Hampton*, 46 *Ga.* 256, it is sufficient to constitute notice. In the *Nichols* case the description was: "One bay mare sold by the plaintiff to Johnson." Here the description is one black mare named Daisy, mortgaged by J. R. Reynolds to W. J. Reynolds, to secure the payment of a note. In the case of *Farkas* v. *Duncan*, 94 *Ga.* 30 (20 S. E. 268), the Supreme Court says, "It would be difficult to lay down an inflexible rule for determining what description would, or would not, be sufficiently full and complete to put a purchaser of mortgaged property on notice. In case of doubt the matter should be left to the jury for determination in the light of all the facts and circumstances." In the language of Jones on Chattel Mortgages (5th ed.), §54, "Descriptions do not identify of themselves; they only furnish the means of identification." The description of the property in this mortgage was, prima facie, sufficient to furnish the means of identification. The question in this case, under the evidence, was not so much one of sufficient or insufficient description of the property in the mortgage, but was a question of identity of the property. The plaintiff insisted and proved by the evidence in his behalf that the mare levied upon by the mortgage execution was the mare described in the mortgage, and the claimant insisted that the mare levied upon was not the mare described in the mortgage, but was an entirely different animal. It was a question of identity solely for determination by the jury.

As to the second proposition, that the direction of a verdict was

proper, because the undisputed evidence shows that the mare in question had been in the possession of the claimant and his predecessors in title for more than two years prior to the date of the levy of the execution, and therefore his title was good as against. the lien of the mortgage, this opinion is based upon a misconception of §5355 of the Civil Code. This section provides that "when any person has bona fide, and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased." This section is not applicable to the present case. The lien here is lodged in the mortgage, and not in the levy, execution, or foreclosure. *Morris* v. *Winkles,* 88 *Ga.* 719 (15 S. E. 747). Neither is there any contention that the mare had been purchased by the claimant from the defendant in the mortgage execution; the contention is that it had been purchased by the claimant from an entirely different person and had never been owned by the defendant in execution. The whole question in this case is simply one of fact, and narrows itself to a single issue,—was the mare levied upon the mare described in the mortgage, or was it the mare that the claimant purchased from Robertson, and which had been purchased by Robertson from Luke? And on this issue the evidence was in conflict. There was really no legal question involved, and the single question of fact should have been submitted to the jury; and the direction of a verdict 'for the claimant was therefore erroneous.

*Judgment reversed.*