3668.   FIRST NATIONAL BANK OF FITZGERALD v. SPICER.

1. The question of the sufficiency of description of property in a mortgage is one of law, for the court; that of the identity of the property mortgaged is one of fact, to be decided by the jury. In the present case the court erred in permitting the jury to decide, as an issue of fact, whether or not the description of the property mortgaged was sufficient to charge the claimant with notice.

(*a*) The description, "one mouse-colored mare mule, five years old," was, as matter of law, sufficient.

2. Where a mortgage has been duly recorded, and no question is raised as to the validity of the record, it is error, upon the trial of a claim case based upon a levy of the mortgage fi. fa., to permit the claimant to testify that he had no notice of the mortgage.

3. In the trial of such a case it is also error to permit the mortgagor to testify that at the time the mortgage was executed, the mortgagee made an express warranty as to the soundness of the property mortgaged.

4. In the trial of such a case it was inaccurate and misleading to charge the jury that the burden was on the plaintiff, the transferee of the mortgage, "to prove every material allegation which they allege in their action, or mortgage foreclosure, levies, and so forth, which you now have before you for your consideration."

5. Construing the evidence all together, in the light of the principles laid down in the foregoing headnotes, the verdict in favor of the claimant was unauthorized.

DECIDED FEBRUARY 12, 1912.

Levy and claim; from city court of Fitzgerald—Judge Wall. July 29, 1911.

*Haygood & Cutts*, for plaintiff.  *H. J. Quincey*, contra.

POTTLE, J.  A claim was filed by Spicer upon the levy of a mortgage fi. fa.  The mortgage described the property as "one mouse-colored mare mule, five years old."  The execution and the levy followed this description.  The mortgage was duly recorded and had been transferred for value before maturity to the bank.  The claimant prevailed at the trial and the plaintiff's motion for new trial was overruled.

1.  It is not essential that the description of property in a mortgage should be so definite as that the property can be identified upon such description alone.  It is sufficient if the description can be made certain by the aid of extrinsic evidence.  The description, "one sorrel horse, seven years old," in a contract of conditional sale, has been held to be sufficiently definite to charge with notice one who purchases the horse which is the subject-matter of the sale. *Beaty* v. *Sears*, 132 *Ga.* 516.  The sufficiency of the description in the present case was a question of law, for the court, and should not have been submitted to the jury as an issue of fact.  It was conceded that the mule levied on was the one described in the mortgage.  Had there been any issue as to this fact, it would have been proper for the court to submit to the jury the question of the identity of the mule levied on.  *Collier* v. *Vason*, 12 *Ga.* 440 (3); *Farkas* v. *Duncan*, 94 *Ga.* 27; *Reynolds* v. *Jones*, 7 *Ga. App.* 123.  The

court should have held, as a matter of law, that the description in the mortgage involved in the present case was sufficiently definite to charge the claimant with notice that the property in dispute had been mortgaged by the defendants in fi. fa. to Crawley, and it was error to charge the jury that it was for them to say whether or not the description was sufficiently definite to enable the claimant to have ascertained that the mule which he bought was the mule which passed under the mortgage from the defendants in fi. fa. to Crawley.

2. The mortgage having been duly recorded before the purchase by the claimant, it was error to permit him to testify that at the time of the purchase he had no notice of the mortgage. The law charged him with notice, and it was entirely immaterial whether or not at the time of his purchase he had actual notice that the mortgage had been given.

3. The undisputed evidence showed that the bank was a purchaser for value of the mortgage before its maturity. The bank was not bound by any contract or agreement not expressed in the mortgage, made between the mortgagors and the mortgagee, unless, of course, it had actual notice of such agreement at the time of the transfer of the mortgage. In the present case it was prejudicial error against the bank to permit one of the mortgagors to testify that at the time the mule was purchased from Crawley, he made an express warranty as to its soundness. This testimony was entirely irrelevant, and did not illustrate the real issue in the case, which was whether or not the property was subject to the mortgage fi. fa.

4. The claimant being in possession of the property at the time of the levy, the burden was on the plaintiff to show either title or possession in the defendant in execution since the debt of the former became a lien upon the property of the latter. Civil Code (1910), § 5170; *Southern Mining Co.* v. *Brown, 107 Ga. 264.* It was inaccurate and confusing to charge the jury that the burden was on the bank "to prove every material allegation which they allege in their action, or mortgage foreclosure, levies, and so forth, which you have now before you for your consideration."

5. We have carefully read the evidence, and to our minds, in the light of the rulings laid down in the course of the opinion, it is not sufficient to authorize the verdict.　　　*Judgment reversed.*