51597. JORDAN et al. v. FARMERS & MERCHANTS BANK OF SOUTH CAROLINA.

STOLZ, Judge.
To the bank's petition for writ of possession of an automobile on which it claimed a security interest, the defendant debtors filed timely answers denying their indebtedness, and alleging as defenses failure of consideration, the plaintiff's breach of contract by failure to accept the defendants' tender of the balance due in full, waiver and estoppel. The defendants demanded a jury trial on their answers. Notwithstanding the defendants' answers and demands for a jury trial, the trial judge issued a writ of possession without undertaking to hold a hearing. The defendants appeal from this judgment. *Held:*
Under the provisions of Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400), "[i]f the defendant answers, a trial of any issue requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record. The trial shall not be held before seven days have elapsed from the date of the hearing. Every effort shall be made by the trial court to expedite a trial of the issues. The defendant shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, provided that the defendant complies with the provisions of section 67-705." Code Ann. § 67-705 (Ga. L. 1974, pp. 398, 401) provides: "(a) Where the issue of whether or not the plaintiff has the right to foreclosure

cannot be finally determined at the hearing scheduled pursuant to section 67-703, the defendant shall be required to pay into the registry of the trial court: (1) all past due amounts admitted due for which there are no allegations of defenses or claims which, if proven, would offset said amounts alleged past due; and (2) all amounts of unaccelerated payments which become due after the issuance of the summons as said amounts of payments become due: . . ."

In construing these statutes, this court recently held in *Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94 (2) (222 SE2d 881) "Under Code Ann. § 67-705 (b), the trial court determines the amounts 'actually to become due' at an evidentiary hearing. However, as to amounts past due no procedure for a hearing is provided. Thus, as we construe the Act no evidence of past due amounts should be considered and the trial judge should only determine whether there are allegations of defenses or claims which would offset amounts alleged past due. [Cits.] In this case the defendant set forth several bases for denying the plaintiff's relief. Since, as a matter of law, the pleadings do not reveal the absence of any defense the defendant should not have been required to post bond."

In the instant case, as in *Candler,* supra, the defendants set forth several bases for denying the relief, and, since, as a matter of law, the pleadings do not reveal the absence of any defense, the defendants were not required under § 67-705 to make payments into the registry of the court. This being true, the trial judge was not authorized to issue a writ of possession pursuant to the provisions of § 67-705 (d) ("If the defendant shall fail to comply with any provisions of section 67-705 to the detriment of plaintiff . . ."), and the defendants were, and are, entitled to remain in possession of the automobile pending the final outcome of the litigation, by virtue of their answers' requiring a jury trial (Code Ann. § 67-704) and by virtue of their appeal from the judgment issuing the writ of possession (Code Ann. § 67-706; Ga. L. 1974, pp. 398, 402).

Accordingly, the judgment issuing the writ of possession to the plaintiff is reversed and the case is

remanded to the trial court for a trial on the issues raised by the defendants' answers.

*Judgment reversed; case remanded with direction. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED MARCH 9, 1976.

*E. Graydon Shuford,* for appellants.

*Thompson & Bonner, Harold B. Thompson,* for appellee.