### 53657. COPPAGE v. MELLON BANK.

BELL, Chief Judge.

Plaintiff brought this suit to foreclose a security interest in defendant's mobile home. Plaintiff alleged that defendant was in default on a retail installment contract for the mobile home and that recovery was sought for the entire unpaid balance which was accelerated pursuant to the contract's acceleration clause. Defendant answered and asserted numerous defenses, one of which was a denial that he was in default or indebted to plaintiff in any amount. Thereafter, plaintiff under Code § 67-705, moved for an order requiring defendant to pay into the registry of the court all amounts past due and "such further amounts as become due until a final determination of the issues." The trial court on July 16, 1976, granted the motion in part by ordering defendant to pay $108.87 per month (the monthly contract payment) into the registry of the court until final resolution of the issues and further ordering that in the event defendant failed to make the monthly payments plaintiff was "entitled" to a writ of possession. On September 16, 1976, an order was entered reciting that defendant had failed to make payments into the registry and possession of the mobile home was granted to plaintiff. On September 23, 1976, a motion to set aside and vacate the judgment under CPA § 60 (d) (Code Ann. § 81A-160 (d)) was filed. A rule nisi issued and the execution of the writ of possession was stayed. On December 8, 1976, after a hearing, the court entered an order denying the motion to set aside the judgment and ordered the execution of the writ of possession. Defendant appealed from this order. *Held:*

1. Plaintiff has moved to dismiss the appeal on the

grounds that the judgment of December 8, 1976 is not final and appealable. It argued that the granting of the writ of possession is interlocutory in nature and an application for interlocutory appeal has not been granted by this court. The motion is denied. The order is appealable. Code § 67-706 provides that "any judgment" entered under Code Ch. 67-7 shall be appealable and the denial of a motion to set aside and vacate is final and appealable. *Farr v. Farr,* 120 Ga. App. 762 (172 SE2d 158). See also *Jordan v. Farmers &c. Bank,* 138 Ga. App. 43 (225 SE2d 498).

2. The trial court erred in granting a writ of possession to plaintiff. Code § 67-705 (a) (1) and (2) provides that where the issue of whether the plaintiff has the right to foreclose cannot be finally determined at the initial hearing date set forth in the summons, the defendant shall be required to pay into the registry of the court all past due amounts "admitted" due and all amounts of "unaccelerated" payments which become due after the issuance of the summons. It is further provided by Code § 67-705 (d) that if defendant shall fail to comply with the order to make payments into the court's registry, the court shall issue a writ of possession. The court was not authorized to issue a writ of possession as plaintiff accelerated the entire unpaid balance and defendant denied that anything was due on the contract. Consequently there were no "amounts admitted due" nor any "unaccelerated" payments which became due after the issuance of the summons.

*Judgment reversed. McMurray and Smith, JJ., concur.*

Submitted April 4, 1977 — Decided April 14, 1977.

*Elsie H. Griner, J. Laddie Boatright,* for appellant.
*Memory & Thomas, Terry A. Dillard,* for appellee.