## 54046. FIRST NATIONAL BANK OF COMMERCE v. BAKER.

Bell, Chief Judge.
Plaintiff petitioned to foreclose its security interest in defendant's mobile home and for a writ of possession under Code Ch. 67-7. The defendant answered denying all material allegations to include that he did not convey a security interest. The defendant filed a demand for a jury trial on all issues. The court granted the demand on March 9, 1977. From this order plaintiff appeals. *Held:*

1. The motion to dismiss the appeal is denied. Code § 67-706 provides that "any judgment" entered under Code Ch. 67-7 shall be appealable. *Coppage v. Mellon Bank,* 142 Ga. App. 12, 13 (234 SE2d 824).

2. Plaintiff contends that the court erred in refusing to hold a hearing on the petition for writ of possession and in granting defendant a jury trial. The order entered in

this case and on which this appeal is based stated that ". . . The above matter came on for hearing on plaintiff's petition for writ of possession . . ." and it granted defendant's demand for jury trial on the issues raised by the answer. Code § 67-703 states in part: ". . . The summons served on the defendant pursuant hereto shall command and require the defendant to appear at a hearing on a day certain fixed by such judge, justice or clerk not less than seven days from the date the summons was served." Code § 67-704 also provides in part: ". . . If the defendant answers, a trial of any issue requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record. . ." Thus the order shows that the trial court followed the statutory provisions. A hearing was held and in view of defendant's answer the trial court correctly determined that a trial was required as to the issues of law and facts raised in defendant's answer. As the trial must be in accordance with the procedure prescribed in civil actions in courts of record, defendant had a right to a jury trial. CPA § 38 (Code Ann. § 81A-138). Plaintiff makes reference in his brief to a stipulation between the parties that the note which was secured by the mobile home was in default and that plaintiff had accelerated payment. This stipulation is not in the record and we will not consider it.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED MAY 23, 1977 — DECIDED JULY 14, 1977.

*L. Eddie Benton, Jr.,* for appellant.
*Guy B. Scott, Jr.,* for appellee.