## 56447. JORDAN v. FORD MOTOR CREDIT COMPANY.

QUILLIAN, Presiding Judge.

Appeal was taken from an order granting a writ of possession to the claimant. As appears from the record the complaint was in two counts. The first count sought a writ of possession of property secured under a retail

installment contract. The second count set out that the defendant was indebted to the claimant under the retail installment contract and sought recovery for all deficiency in debt of the defendant existing after the foreclosure and sale of collateral in which the claimant had a security interest.

In *Porter v. Midland-Guardian Co.,* 242 Ga. 1, 2, the Supreme Court, in reversing this court, held: "There is no provision in the Personal Property Foreclosure Act allowing a money judgment for the full amount of the indebtedness (as distinguished from a deficiency judgment) to be taken against the debtor other than in Code Ann. § 67-717" which "only applies to *immediate* writs of possession under Code Ann. § 67-609 et seq., which sections pertain alone to *commercial* transactions, and not to *consumer* transactions."

In the case sub judice we are not called upon to ascertain the validity of the second count since no ruling concerning that count is contained in the trial judge's order. Thus, this issue was not finally determined and the cause is still pending in the court below. The Supreme Court has recently ruled that Code Ann. § 6-701 (Appellate Practice Act; Ga. L. 1965, p. 18, as amended through Ga. L. 1975, pp. 757, 758) is determinative as to the finality of judgments entered under Code Ann. Ch. 67-7. *Sumner v. Adel Banking Co.,* 241 Ga. 563 (246 SE2d 680).

There was no application for interlocutory appeal and the instant appeal is premature.

*Appeal dismissed. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED OCTOBER 12, 1978.

*Young & Associates, S. L. Tucker,* for appellant.
*Burt, Burt & Rentz, Walter H. Burt, III, D. D. Rentz,* for appellee.
*Paul E. Kauffmann,* amicus curiae.