57498. CHAPMAN v. BANK OF CUMMING.

McMurray, Presiding Judge.

The plaintiff brought this petition for writ of possession of a bulldozer and a trailer on which it claimed a security interest. The bulldozer in which plaintiff claims a security interest is described as "[a] 1972 John Deere 350 Bulldozer with 6-way blade # JD 250J742961 . . ." Plaintiff claims the security interest in this bulldozer as part of the security on a note dated May 12, 1977, made by Jack Weiss.

Defendant answered the petition for writ of possession and raised as one of his defenses the inadequacy of plaintiff's description of the property upon which it claims a lien. Discovery revealed that defendant was in possession of a 1972 John Deere 350 bulldozer with a 6-way blade Chassis No. 6408 which defendant had received possession of from Jack Weiss on April 23, 1976, and six months later received a bill of sale.

After a hearing before the trial court without a jury an order was entered granting the writ of possession as to the bulldozer and denying it as to the trailer. Defendant appeals contending the trial court erred in determining as a matter of law that the description of the bulldozer as given by the plaintiff was sufficient to impart notice of the alleged security interest and that plaintiff had a perfected security interest in the bulldozer owned and possessed by defendant. *Held:*

1. Defendant enumerates as error the action of the trial court in making a final determination without intervention of the jury. As plaintiff points out, this complaint alone is meritless, but defendant goes on to contest the holding on the merits. *Flanders v. Commercial Credit Equip. Corp.,* 145 Ga. App. 193 (243 SE2d 525), is not controlling as there are issuable defenses in the case sub judice requiring a jury trial. Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400; 1978, pp. 1705, 1707); *First Nat. Bank of Commerce v. Baker,* 142 Ga. App. 870, 871 (2) (237 SE2d 233), overruled on other grounds in *Sumner v. Adel*

*Banking Co.,* 241 Ga. 563 (246 SE2d 680).

2. "The question of the sufficiency of the description in a recorded instrument to impart constructive notice is for the jury except in clear cases." *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (134 SE2d 828). An incorrect identifying number does not render a description ineffective. The question is whether the description provides such a key to identity of the property so that a person of ordinary business prudence would have discovered, from pursuing such lines of inquiry as the data given in the description would naturally suggest to his mind, that the bulldozer received from Weiss was the bulldozer described. This question is for the jury. See *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 878, supra, and *Trusco Finance Co. v. Childs,* 87 Ga. App. 789, 791-792 (75 SE2d 336).

3. There is some evidence which suggests that defendant received title to the bulldozer identified as Chassis No. 6408 prior to the date on which plaintiff perfected its security interest. Defendant received possession of Chassis No. 6408 from Weiss on April 23, 1976, and approximately six months later received a bill of sale. Defendant, therefore, may have received title to Chassis No. 6408 several months prior to date of loan from which the alleged security interest of plaintiff arises. Defendant's response to interrogatories states that, "[h]e kept said bulldozer as collateral for several cars and also for the bad checks." It is not clear from the record, however, whether this statement applies to the period subsequent to the exchange of the bill of sale or is limited to the six months period that defendant possessed the bulldozer prior to the bill of sale. Defendant identifies the bill of sale as showing ownership of the bulldozer.

Regardless of whether the bill of sale is one to secure debt defendant appears to hold a prior perfected security interest in the bulldozer by possession. See Code Ann. § 109A-9—305 (Ga. L. 1962, pp. 156, 401; 1978, pp. 1081, 1106). Plaintiff's assertion that defendant relinquished possession is not supported by the record.

4. As stated in Divisions 2 and 3 issues of material fact remain for consideration by a jury.

*Judgment reversed. Deen, C. J., and Shulman, J.,*

*concur.*

SUBMITTED MARCH 8, 1979 — DECIDED APRIL 13, 1979 —
REHEARING DENIED MAY 23, 1979 — 

*Sartain & Carey, Jefferson W. Willis,* for appellant.
*Robinson, Harben, Armstrong & Millikan, Edmund A. Waller,* for appellee.