## 57737. SMALLS et al. v. HARRISON.

QUILLIAN, Presiding Judge.

Mary P. Harrison, appellee, filed a petition for writ of possession, to foreclose a security interest in personal property, in the Richmond Superior Court, alleging that appellants executed a promissory note and security agreement creating a security interest in certain enumerated items of personal property securing the repayment of the note. Appellee further alleged that appellants defaulted in repayment of the indebtedness and that pursuant to an acceleration clause in the note, the entire outstanding balance was due, namely, $1,580.65.

Appellants timely answered in writing, denying the material allegations of the petition and admitting only that the court below had jurisdiction over their persons. Appellants demanded a jury trial.

On hearing held January 4, 1979, the court below proceeded to receive sworn testimony of appellee as to the amount of the indebtedness allegedly owed and that the repayment of the indebtedness was secured by a security interest she held in certain bar equipment. On January 5, 1979, the court passed an order requiring appellants to pay the sum of $1,580.65 into the registry of the court within 15 days, and that upon appellants' failure to pay, a writ of possession would issue without notice to appellants or further hearing.

From this order, appellants appealed to this court. *Held:*

Issuance of a writ of possession does not affect the merits of the case but only the right to possession pending a final decision on the merits. Code Ann. § 67-705 (d) (Ga. L. 1974, pp. 398, 401). There being no application for certificate of immediate review the instant appeal is premature. *Foskey v. Bank of Alapaha,* 147 Ga. App. 541 (249 SE2d 346); *Sumner v. Adel Banking Co.,* 241 Ga. 563 (246 SE2d 680).

Since there appears to be a general misconception as to Code Ann. § 67-705, for the benefit of the bench and bar we reiterate the pertinent statements contained in *Coppage v. Mellon Bank,* 142 Ga. App. 12 (2) (234 SE2d 824) (disapproved on other procedural grounds, *Sumner v. Adel Banking Co., supra).* "The defendant shall be required to pay into the registry of the court all past due amounts 'admitted' due and all amounts of 'unaccelerated' payments which become due after the issuance of the summons." Thus, the defendant is not required to pay into the registry of the court *disputed* past due amounts or *accelerated* payments. Such issues must be resolved on trial and not on a hearing purportedly under Code Ann. § 67-705. *Jordan v. Farmers & Merchants Bank,* 138 Ga. App. 43, 44 (225 SE2d 498).

*Appeal dismissed. Smith and Birdsong, JJ., concur.*

SUBMITTED MAY 9, 1979 — DECIDED
JUNE 26, 1979.

*Stephen E. Shepard,* for appellants.
*Stephen P. Harrison,* for appellee.