58037. DANIEL et al. v. ROBY et al.

SHULMAN, Judge.
Appellants filed a complaint in the Superior Court of Fulton County to enjoin a proceeding in the state court in which appellees sought to foreclose upon the personal property of appellants for their alleged failure to pay a secured promissory note (which note had been delivered to appellees as purchase price for the sale of their business). In conjunction with the filing of this complaint, appellants paid into the registry of the superior court $40,955.93, the full amount allegedly owed appellees on the note plus interest to date.

Although the court initially granted plaintiffs a temporary restraining order, upon hearing defendants' motion to dismiss and their alternative motion to disburse the funds from the registry of the court, the court dissolved the restraining order, dismissed the action in the superior court and remanded the case to the state court. Additionally, the court ordered that all monies paid into the registry, less $9,348.60 (alleged to be the value of tools which appellees had failed to deliver in accordance with their contractual duties), be paid to appellees. It is from the court's order disbursing the remaining $31,607.33 that appellants bring this appeal. We reverse.

Code Ann. § 67-705 (e) of the statutory foreclosure proceeding reads in relevant part as follows: "that if the defendant [appellants in the case at bar] claims that he is entitled to all or a part of said fund and such claim is an issue of controversy in the litigation, the court shall order the clerk to pay to the plaintiff [appellees here], without delay, *only that portion of the funds to which the defendant has made no claim in the proceedings.* That part of the

fund which is a matter of controversy in the litigation shall remain in the registry of the court until a final determination of the issues." (Emphasis supplied.)

Although appellants' initial complaint disputed only $9,348.60 of the funds paid into the registry, in subsequent amendments to their complaint, appellants asserted fraud, breach of contract and failure of consideration as additional defenses to the disbursement of any of the monies which had been paid into the registry.

Thus, the pleadings do not indicate the absence of "any defense" to appellees' claims for payment under the note (see *Jordan v. Farmers &c. Bank of S. C.*, 138 Ga. App. 43 (225 SE2d 498); see also *Candler I-20 Prop. v. Inn Keepers Supply Co.*, 137 Ga. App. 94 (2) (222 SE2d 881)), but rather raise issues as to whether any amount is owed on the note. This being so, we must conclude that the court improperly disbursed the registry funds prior to a final determination of the issues still in controversy (e.g., fraud, breach of warranty, and failure of consideration).

*Judgment reversed with direction that the case be remanded for further action not inconsistent with this opinion. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 30, 1979 — DECIDED SEPTEMBER 25, 1979.

*John S. Carpenter, David D. Blum,* for appellants.
*Stanton J. Shapiro, Kevin S. King,* for appellees.