## 58829. KING ORTHOPEDIC APPLIANCES, INC. v. MEDICAL FUNDING SERVICES, INC.

McMURRAY, Presiding Judge.

On August 19, 1977, Medical Funding Services, Inc. entered into a factoring agreement with King Orthopedic Appliances, Inc. whereby King agreed to sell and assign to Medical Funding its accounts receivable for 88% of the aggregate face amount of all accounts assigned, granting also a security interest in all of its accounts receivable, "whether assigned or required to be assigned" and "whether now existing or hereafter arising, and all proceeds thereof," to secure its performance of the agreement. This agreement was subsequently amended on March 30, 1979, by a settlement agreement between the parties whereby King acknowledged and agreed that payment of its obligations is secured by a first priority security interest in favor of Medical Funding "in and to all of the Accounts, pursuant to a Factoring Agreement, and ... in and to all inventory ..." acknowledging therein that the aggregate principal amount outstanding on all of the accounts was "$185,946.50." This agreement also stated that upon any default all of the obligation shall immediately become due and payable in full, without notice, and Medical Funding "shall have all of the rights and remedies available hereunder and under the Security Agreement, the Factoring Agreement, and the Uniform Commercial Code of Georgia, and all other rights and remedies available at law or in equity, ..." A financing statement was filed covering all inventory and supplies

now owned and hereafter acquired by King including the proceeds of collateral.

Based upon its possession of a security interest in the personal property of King Orthopedic Appliances, Inc., Medical Funding Services, Inc., petitioned to foreclose said security interest pursuant to the personal property foreclosure law, Code Chapter 67-7, as amended (Ga. L. 1974, p. 398 et seq.; 1975, p. 1213 et seq.; 1978, p. 1705 et seq.). The prayer was that a writ of possession be issued awarding possession of the secured property to the plaintiff. Attached to the pleadings were exhibits establishing the above.

The defendant answered the petition admitting only jurisdiction but otherwise denying the claim.

Thereafter, the plaintiff moved to take the oral deposition of the corporate president of the defendant. The deposition was commenced on May 14, 1979, but stopped prematurely following a recess and further adjournment when two of the people present at the deposition were placed under arrest, had to go to jail and obtain bonds before the deposition could be completed. Thereafter, on May 29, 1979, the deposition was continued until the deponent refused to continue and left before it was completed.

Plaintiff then moved for sanctions and to compel discovery under Code Ann. § 81A-137 (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530) and for an order striking out the defensive pleadings of the defendant or for the court to render a judgment by default against such defendant or such other order the court deemed appropriate. The grounds of the motion were that the defendant wilfully refused to allow plaintiff to finish his deposition and the defendant failed to provide documents pursuant to a notice to produce. The motion came on for hearing. Counsel for both parties appeared and argued the motion and stipulated that a copy of the deposition would be filed and used for the purposes of this hearing only. The court then considered the deposition and the arguments and adjudged that the defendant had "wilfully and deliberately failed to make discovery by his premeditated and deceitful conduct in causing the adjournment of his first deposition and by walking out of

the second deposition without cause or provocation." The defendant's answer was then stricken, and judgment by default was entered against the defendant, "and a writ of possession is hereby issued with respect to all inventory and accounts receivable" of the defendant. Defendant appeals. *Held:*

1. "Any judgment by the [trial] court shall be appealable pursuant to Code Title 6 or any other applicable law." Code Ann. § 67-706 (Ga. L. 1974, pp. 398, 402). See also *Jordan v. Farmers & Merchants Bank of South Carolina,* 138 Ga. App. 43 (225 SE2d 498). However, the judgment must be final within the meaning of Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620). Compare *Sumner v. Adel Banking Company,* 241 Ga. 563 (246 SE2d 680) holding certain cases have incorrectly interpreted Code Ann. § 67-706, supra. See also *Porter v. Midland-Guardian Company,* 242 Ga. 1 (247 SE2d 743) reversing Division 4 of *Porter v. Midland-Guardian Company,* 145 Ga. App. 262 (243 SE2d 595); *Jordan v. Ford Motor Credit Company,* 147 Ga. App. 515, 516 (249 SE2d 327). Here the judgment is final in that the plaintiff sought merely the right to foreclose a security interest and the issuance of a writ of possession in respect thereto.

2. Under Code Ann. § 81A-137, supra, sanctions by the court may be ordered if a party or a person designated to be deposed "fails to obey an order to provide or permit discovery." The failure to obey authorizes an order striking out pleadings and rendering a default judgment. No such order has been issued here.

But under Code Ann. § 81A-137 (d), supra, if a party or person designated to be deposed and testify fails "to appear before the officer who is to take his deposition, after being served with the proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and, among others, it may take . . . [certain] . . . action authorized . . ." including the striking out of the pleadings and the rendering of a judgment by default. Counsel for plaintiff contends that by walking out of the proceedings and refusing to depose further, this amounted to a refusal to appear as described under Code Ann. § 81A-137 (d), supra.

However, counsel has cited no authority but desires an interpretation by this court that the actions of the deponent in leaving the deposition amounted to a failure to appear. We do not feel that the drastic sanction granted here was required as was done in *Phillips v. Peachtree Housing*, 138 Ga. App. 596 (226 SE2d 616), a case involving the failure to appear for a deposition on three occasions. The *Phillips* case would be controlling had the party refused to be deposed and failed or refused to attend the scheduled deposition. Here the deponent *did appear* and *was deposed* although he eventually refused to answer questions further. We think the better practice would have been an order directing him to continue the deposition and to answer all questions and with reference to same as has been required by *Tennesco, Inc. v. Berger*, 144 Ga. App. 45 (240 SE2d 586).

The order of the trial court is therefore reversed and it is authorized to make such order in this matter as is fit under Code Ann. § 81A-137, supra.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED NOVEMBER 26, 1979.

*Stephen A Land,* for appellant.
*Paul Oliver, Charles E. Watkins, Jr.,* for appellee.