## 35221. BANK OF CUMMING v. CHAPMAN.

UNDERCOFLER, Presiding Justice.

This certiorari[1] was granted to review the Court of Appeals reliance upon *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (2) (b) (134 SE2d 828) (1964), cert. den., which states, "The question of the sufficiency of the description in a recorded instrument to impart constructive notice is for the jury except in clear cases." We conclude that the statement is not incorrect but may be subject to misinterpretation because it does not clearly delineate between the sufficiency of the description and the identity of the property. In our opinion the distinction is stated succinctly in *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753) (1911), "The question of the sufficiency of description of property in a mortgage is one of law, for the court; that of the identity of the property mortgaged is one of fact, to be decided by the jury." See also *Farkas v. Duncan,* 94 Ga. 27 (20 SE 267) (1894); *Thomas Furniture Co. v. T & C Furniture Co.,* 120 Ga. 879 (48 SE 333) (1904); *Reynolds v. Jones,* 7 Ga. App. 123 (66 SE 395) (1909); Code Ann. § 109A-9—110.

*Judgment vacated and remanded for reconsideration in light of this opinion. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED FEBRUARY 20, 1980.

[1] *Chapman v. Bank of Cumming,* 150 Ga. App. 85 (256 SE2d 601) (1979).

*Edmund A. Waller,* for appellant.
*Sartain & Carey, Jefferson W. Willis,* for appellee.