## 57498. CHAPMAN v. BANK OF CUMMING.

McMURRAY, Presiding Judge.

In *Bank of Cumming v. Chapman,* 245 Ga. 261 (264 SE2d 201), the Supreme Court has vacated our judgment in *Chapman v. Bank of Cumming,* 150 Ga. App. 85 (256 SE2d 601), with direction that the case be reconsidered in light of its opinion.

Our opinion in that case was based upon *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (2) (b) (134 SE2d 828).

In Division 2 of our case at page 86, we cited from *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (2) (b), supra, the language "The question of the sufficiency of the description in .a recorded instrument to impart constructive notice is for the jury except in clear cases." The Supreme Court has held that this statement "is not incorrect but may be subject to misinterpretation because it does not clearly delineate between the sufficiency of the description and the identity of the property." The Supreme Court then stated that the language in *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753) states the distinction more succinctly as to a delineation between the sufficiency of the description in the instrument and the identity of the property as follows: "The question of the sufficiency of description of property in a mortgage is one of law, for the court; that of the identity of the property mortgaged is one of fact, to be decided by the jury."

The remaining portions of our opinion with respect to the identity of the property which was allegedly mortgaged are correct, and a question remains for jury determination as to the "bulldozer" involved. Inasmuch as issues of material fact remain for consideration by a jury, we adhere to our judgment of reversal.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED MAY 2, 1980 —
REHEARING DENIED MAY 28, 1980.

*Jefferson W. Willis,* for appellant.

*Edmund A. Waller,* for appellee.