60478. GROVER v. VINTAGE CREDIT CORPORATION.

McMURRAY, Presiding Judge.

This case involves a writ of possession sought for certain collateral, a certain type mobile home ("Manufacturer's Serial No. BM 1822"), purchased by the defendant named in the installment note as the buyer. The installment note created a security interest pursuant to the Uniform Commercial Code in the described collateral. The note was thereafter assigned by the seller to the plaintiff who alleges it is the holder of this conditional sales contract containing the security interest. See Code Ann. § 67-702 (Ga. L. 1974,

pp. 398, 399; 1975, pp. 1213, 1214; 1978, p. 1705). Plaintiff also seeks to have the property levied upon in accordance with the provisions of Code Ann. § 67-701 (Ga. L. 1974, pp. 398, 399) to satisfy the indebtedness. Attached thereto was a copy of only the front of the retail installment contract which created a security interest pursuant to the Uniform Commercial Code.

Based upon the petition and affidavit for writ of possession, the clerk of the superior court issued a summons in accordance with Code Ann. § 67-703 (Ga. L. 1974, pp. 398, 400; 1978, pp. 1705, 1706), requiring the defendant to appear at a hearing on a date certain to answer the petition for writ of possession.

The petition, affidavit for writ of possession and summons were duly served on the defendant who answered and verified same by admitting jurisdiction and the location of the said mobile home. She denied, however, that the plaintiff was the holder of the conditional sales contract entitling it to a writ of possession as to the mobile home in accordance with the provisions of Code Ann. § 67-701, supra. In addition, she filed a defense of res judicata contending that the same issue had been adjudicated adversely to the plaintiff after a jury trial in which the jury verdict was entered in favor of the defendant in a certain civil action. A copy of the judgment, as well as a denial of the motion of the plaintiff for a judgment notwithstanding the verdict, was attached to the answer. Defendant contends she had prevailed on the merits in the previous action, and plaintiff's claim was concluded adversely to it. She also verified her answer as to "the facts alleged" as "true and correct."

When the case came on for hearing on January 31, 1980, in accordance with the clerk's summons, the trial court continued same until February 14, 1980. In the meantime, defendant amended her answer (filed March 25, 1980) to add a second defense contending the note had been accelerated without giving a pro rata rebate of unearned interest as required by the Motor Vehicle Sales Finance Act, Code Ann. Ch. 96-10, thereby barring plaintiff's claim "by offset of the total finance charge."

On February 25, 1980, plaintiff moved for summary judgment, attaching an affidavit of its attorney setting forth that defendant had entered into a retail installment contract for a named mobile home ("s/n BM 1822") and had granted to the seller a security interest in this mobile home to secure the amount of the note which was assigned to the plaintiff "with the full knowledge of Defendant," and she began making her monthly payments to it. Counsel also deposed that the defendant had not made any payments in reduction of her obligation to the plaintiff "since May, 1977. At that time there was an unpaid balance on the note of $4632.42." Counsel also deposed

that although defendant claims to have tendered two payments in June, 1977, she is presently "in default on her obligation" to plaintiff, not having made nor tendered any payments since June, 1977, "which she has admitted under oath before the Oglethorpe Superior Court. This default is a new default from the one litigated," which defendant claims is res judicata.

An order was then filed on February 29, 1980, with reference to the hearing on February 14, 1980, in which the court stated that after hearing argument of counsel defendant's motion to dismiss plaintiff's complaint was overruled and defendant's defense of res judicata was ordered stricken.

Thereafter, on April 10, 1980, the court issued an order on plaintiff's motion for summary judgment as to the issue of possession only, setting forth that it was supported by the affidavit of counsel "which has not been contested by defendant, and there having been no acceleration by the plaintiff in this action," the motion was granted in accordance with Code Ann. § 67-705 (d) (Ga. L. 1974, pp. 398, 401) (issuance of said writ of possession to the plaintiff not affecting the merits of the case but only as to the right of possession pending a final decision on the merits).

Defendant appeals, enumerating error in the partial granting of a motion for summary judgment as to the writ of possession and the striking of her plea of res judicata. She contends in both instances that same were done without evidence to support same. *Held:*

1. The trial court's order recites that the plea of res judicata as a defense to this action was stricken "after hearing argument of counsel." The record here fails to disclose any evidence submitted or any reason for the striking of this defense such as a hearing on a motion to dismiss or motion to strike, as plaintiff contends was the case. The only reference to any motion to dismiss was the trial court's reference: "the motion of counsel for the Defendant to dismiss the Plaintiff's complaint is hereby overruled," and the defendant's defense of res judicata was ordered stricken. As this defense goes to the merits of the claim against the defendant, no ground is shown for the striking of same. Accordingly, defendant's enumeration of error complaining thereof is therefore meritorious. See *Rhyne v. Garfield,* 236 Ga. 694, 695 (225 SE2d 43); *Beaver v. Southern Greyhound Lines, Inc.,* 120 Ga. App. 576 (171 SE2d 658); *Dillingham v. Doctors Clinic,* 236 Ga. 302 (223 SE2d 625); *Morgan v. White,* 121 Ga. App. 794, 795 (175 SE2d 878); *Potpourri of Merrick, Inc. v. Gay Gibson, Inc.,* 132 Ga. App. 565, 567 (2) (208 SE2d 579).

2. As to the motion for summary judgment (partial), plaintiff has produced evidence by affidavit of counsel that defendant has not made nor tendered certain payments since June, 1977, in accordance

with the obligations of her agreement and that this default is a new default from the one litigated in the previous civil action. The court order stated this evidence has not been contested by the defendant. However, with the verified answer not stricken as held in Division One, and as same was verified as to the facts as "true and correct," the trial court was in error in issuing a writ of possession based upon the motion for summary judgment "pending a final decision on the merits." See Code Ann. § 67-705 (d), supra; *Jordan v. Farmers & Merchants Bank,* 138 Ga. App. 43, 44 (225 SE2d 498); *Coppage v. Mellon Bank,* 142 Ga. App. 12, 13 (234 SE2d 824); overruled in part in *Sumner v. Adel Banking Co.,* 241 Ga. 563 (246 SE2d 680), the same being not appealable under Code Ann. Ch. 67-7.

The grant of summary judgment, completely or partially, authorizes a direct appeal which is the case here. No payments were ordered paid into the registry of the court under the authority of Code Ann. § 67-705, supra, and no hearing of evidence was scheduled pursuant to Code Ann. § 67-703, supra. Plaintiff offered evidence in support of its motion for summary judgment that the defendant was in default on her obligations as to a particular mobile home in which plaintiff has a security interest, and defendant had not made nor tendered payment since June, 1977, which is "a new default from the one litigated" in the earlier civil action. The court held, "there having been no acceleration by the plaintiff in this action," writ of possession was granted in accordance with Code Ann. § 67-705 (d), supra. Code Ch. 67-7, as amended, is in derogation of the common law and must be strictly construed and followed. Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400; 1978, pp. 1705, 1707) clearly states: "The defendant shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, provided that the defendant complies with the provisions of section 67-705." That section (Code Ann. § 67-705, supra) provides a procedure for the defendant to make payments into court among other things, and if the defendant fails to comply with this section, "the court shall issue a writ of possession . . . pending a final decision on the merits." The record here fails to show wherein defendant has failed to comply with this statute.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED SEPTEMBER 18, 1980.

*Kendric E. Smith,* for appellant.
*James C. Warnes,* for appellee.