## 61598. TRI-COUNTY FEED & SEED, INC. v. SAVANNAH VALLEY PRODUCTION CREDIT ASSOCIATION.

McMURRAY, Presiding Judge.

In 1977 and 1978, Savannah Valley Production Credit Association made certain loans to William G. Groseclose and Arthur McCluskey, Jr. As security for said loans the parties entered into security agreements containing a bill of sale to certain farming equipment, livestock and "[a]ll perennial crops of whatever kind and description now growing or may hereafter be planted, grown, or produced within seven years from the date hereof," on certain farm lands owned or rented by the debtors. A financing statement including the same collateral, dated June 2, 1977, was filed on June 13, 1977. All proceeds and products of the collateral were also covered. A second financing statement dated April 21, 1978, was filed on May 1, 1978, including the above.

In February, 1980, the above debtors contracted with Tri-County Feed & Seed, Inc., for the sale of their 1979 crop of soybeans to a certain purchaser. The sum of $9,839.40 from the proceeds of the sale of the debtor's soybean crop (soybeans being an annual crop) was later applied against the indebtedness to Tri-County Feed & Seed, Inc.

Whereupon Savannah Valley Production Credit Association brought this action against Tri-County Feed & Seed, Inc., contending in Count 1 that it was entitled to the $9,839.40 worth of the 1979 soybean crop "converted by defendant by reason of the loans made hereinabove referred to," which were secured by the financing statements of the plaintiff. In Count 2 it alleges that the actions of the defendant were wilful and intentional in converting the sum of $9,839.40, and it sought in addition reasonable attorney fees and punitive damages.

The defendant answered, admitting jurisdiction, the contract with the debtors for the sale of and payment on the 1979 crop of soybeans, but otherwise denied the claims of conversion brought by the plaintiff in the two counts, admitting, however, that demand had been made upon it in calling its attention to the financing statements

of record.

The defendant moved for summary judgment based upon the fact that it had no knowledge of a lien by the plaintiff on the soybean crop and that a check of the financing statements reveals only "a lien on all perennial crops," and as soybeans are not perennial crops but annual crops defendant was entitled to summary judgment.

Plaintiff likewise moved for summary judgment in which it claims the Uniform Commercial Code must be liberally construed to promote its purposes and policies and that an overly strict construction of Code Ann. § 109A-9—402 (1) (Ga. L. 1962, pp. 156, 414; 1964, pp. 70, 72; thereafter amended, Ga. L. 1978, pp. 1081, 1120, eff. July 1, 1978), would defeat the purposes of the Uniform Commercial Code and run directly counter to the understandings of the drafters. It contends that the physical description appearing of record must be merely sufficient in itself to identify the property so as to raise a warning flag and provide a key to the identity of the property owner, citing *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (134 SE2d 828); *First Nat. Bank & Trust Co. v. Olivetti Corp.,* 130 Ga. App. 896, 898 (204 SE2d 781); and *Peoples Bank v. Northwest Ga. Bank,* 139 Ga. App. 264, 268-269 (228 SE2d 181).

Both motions came on for hearing, and the trial court held that the plaintiff was entitled to a partial summary judgment as to liability against the defendant and denied defendant's motion. Defendant appeals. *Held:*

1. The motion to dismiss is denied. The grant of a partial summary judgment is reviewable by direct appeal. *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (1) (168 SE2d 827); *Aiken Asphalt Paving Co. v. Winn,* 133 Ga. App. 3, 4 (1) (209 SE2d 700).

2. The form and substance of the appeal is simply that soybeans are annual crops, not perennial crops, and the plaintiff's financing statements were defective in that they did not itemize soybeans as required by Code Ann. § 109A-9—402 (3), supra, in describing the type property growing or to be grown on the land. Simply describing same as all perennial crops to be grown on the land within seven years did not alert the defendant that a security interest was claimed in an annual crop such as soybeans. Both plaintiff and defendant have cited *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877, supra, and *Peoples Bank v. Northwest Ga. Bank,* 139 Ga. App. 264, supra, with reference to whether or not the description of record was sufficient in itself to identify the property, that is, *raise a warning flag or provide a key to the identity of the property secured.* The law as stated in Code Ann. § 109A-9—402 (1), supra, in effect (prior to the July 1, 1978 effective date of the 1978 amendment) at the time of the recording of the financing statements in the case sub judice on June

13, 1977, and May 1, 1978, respectively, was as follows: "When the financing statement covers crops growing or to be grown . . . the statement must also contain a description of the real estate concerned . . ." This statute then sets forth a form sufficient to comply, and under crops as collateral: "The above described crops are growing or are to be grown on: (Describe real estate) . . ." Subparagraph (5) sets forth that a financing statement which substantially complied with this section "is effective even though it contains minor errors which are not seriously misleading." Had the financing statement referred simply to crops it would have covered the soybeans fully. But by the use of the word "perennial," which has a different meaning from "annual," the instrument creates a specific reference to a certain type crop. Had the description of the property been simply to crops, it would have been held sufficient where the description and location of the real property upon which grown is asserted in the instrument as was the case here. See location cases cited in *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877, supra.

But an issue of fact remains as to whether or not the defendant had constructive notice that the financing statement covered or was intended to cover not only perennial crops but also all types of crops, that is, in raising "a warning flag," particularly so, inasmuch as the financing statements here covered grain bins and all equipment attached thereto and other equipment generally having to do with annual crops rather than with perennial crops. Under the circumstances here, an issue of material fact remains for jury determination as to notice by the specific use of the word "perennial." The question of the sufficiency of the language identifying the property in the recorded instrument to impart constructive notice is usually for the jury except in clear cases. *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877, supra, criticized in *Bank of Cumming v. Chapman,* 245 Ga. 261 (264 SE2d 201). Compare *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753); *Farkas v. Duncan,* 94 Ga. 27, 30 (20 SE 267); *A. S. Thomas Furn. Co. v. T. & C. Furn. Co.,* 120 Ga. 879 (48 SE 333); *Reynolds v. Jones,* 7 Ga. App. 123 (66 SE 395). See also *Trusco Finance Co. v. Childs,* 87 Ga. App. 789, 791-792 (75 SE2d 336). It remains a question for a jury as to whether an ordinary man from reading the information in the recorded instrument would have believed he was dealing with secured property or have led him to further inquiry, and whether or not he would be legally chargeable with notice under the circumstances here. See in this connection *Washburn Storage Co. v. Columbia Loan Co.,* 95 Ga. App. 552, 555-556 (98 SE2d 147); *Chapman v. Bank of Cumming,* 150 Ga. App. 85, 86 (3) (256 SE2d 601), remanded as to a possible misinterpretation of the ruling, s.c.,

*Bank of Cumming v. Chapman,* 245 Ga. 261, supra, judgment adhered to, s.c. 154 Ga. App. 739 (270 SE2d 4); *Thomas Ford Tractor, Inc. v. North Ga. Prod. Credit Assn.,* 153 Ga. App. 820, 822 (2) (266 SE2d 571).

*Judgment reversed. Quillian, C. J. and Pope, J., concur.*

DECIDED APRIL 17, 1981 —
REHEARING DENIED JUNE 17, 1981 ▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Rodger E. Davison,* for appellant.
*John Stephen Jenkins,* for appellee.