### 61739. O'KELLY v. INTERNATIONAL BUSINESS MACHINES CORPORATION.

MCMURRAY, Presiding Judge.

In 1976, International Business Machines Corporation (IBM) entered into an agreement with Insta-Print Center, 621 Spring Street, Gainesville, Georgia, called an extended term lease plan for the monthly lease of certain IBM equipment. The agreement was signed by a representative of IBM and by Carol Worley, as "O.M." for Insta-Print Center.

Thereafter, on September 22, 1980, IBM, as plaintiff, brought an action for the foreclosure of this personal property alleging that Huel M. O'Kelly "a/k/a H. M. O'Kelly Individually d/b/a Insta-Print," is indebted to plaintiff in the amount of $3,857.50, together with $56.25 interest, with the above agreement attached and based upon an affidavit of the attorney made for the purpose of foreclosing the agreement, obtaining a writ of possession for the property described therein and having judgment entered for the amount of the indebtedness claimed.

A summons issued, and the affidavit and summons were served upon the defendant named by leaving a copy with a named person in charge of the office and "place of doing business of said Corporation."

The defendant answered, denying service, failure to state a claim, or that he was indebted to the plaintiff on any agreement and has never been indebted or leased or purchased any property from the plaintiff. Defendant further contended he had never done business as Insta-Print, a subsidiary of Dunright Sales, Inc., a duly authorized corporation operating under the laws of the State of Georgia. Defendant prayed for dismissal of the action.

A rule nisi issued and an additional rule nisi issued for the hearing on December 2, 1980, at which time the trial court entered an order for writ of possession after considering the pleadings and evidence of record, the testimony of witnesses for plaintiff and

defendant, and after hearing argument. The court therein held that the defendant was properly served and the defendant was the proper party defendant in the case sub judice. The court also found that plaintiff had a valid title and security interest in the personal property and awarded it a writ of possession to same.

On December 16, 1980, defendant filed a notice of appeal and upon receipt of notice by the plaintiff that it intended to sell part of the property by private sale, defendant applied for a stay. Thereafter, on December 22, 1980, the court entered an order that the notice of appeal amounted to a statutory stay, the application sounded in equity as seeking injunctive relief which the state court could not grant and further found that the court had no jurisdiction by reason of the filing of the notice of appeal.

Defendant's enumerations of error here are that the trial court erred in granting the writ of possession and in denying its application for a stay. *Held:*

Defendant's argument in his brief is that the trial court has failed to follow the procedure outlined in Code Ann. Ch. 67-7 as amended by Ga. L. 1974, p. 398, et seq.; 1975, p. 1213, et seq.; 1978, p. 1705, et seq., and that his answer formed a jury issue requiring a trial in accordance with procedures described for civil actions in courts of record citing in particular Code Ann. § 67-704 (Ga. L. 1974, pp. 398, 400; 1978, pp. 1705, 1707); *First Nat. Bank v. Baker,* 142 Ga. App. 870 (237 SE2d 233); *Chapman v. Bank of Cumming,* 150 Ga. App. 85 (256 SE2d 601); *Grover v. Vintage Credit Corp.,* 155 Ga. App. 759 (272 SE2d 732). Be that as it may, Code Ann. § 67-706 (Ga. L. 1974, pp. 398, 402) sets forth that any judgment by the court would be appealable pursuant to Code Title 6 or any other applicable law. Nevertheless, *First Nat. Bank v. Baker,* 142 Ga. App. 870, 871, supra, has been overruled, along with *Coppage v. Mellon Bank,* 142 Ga. App. 12 (234 SE2d 824), by the holding of the Supreme Court in *Sumner v. Adel Banking Co.,* 241 Ga. 563 (246 SE2d 680), that the *Coppage* and the *First Nat. Bank* cases "incorrectly held that Code Ann. § 67-706 provides that any judgment entered under Code Ann. Ch. 67-7 shall be appealable." The Supreme Court pointed out that the plaintiff was seeking both a money judgment and a writ of possession and only an immediate writ of possession was issued; hence, the order to which an appeal was sought was interlocutory and "not 'final'," hence it was not appealable except in accordance with Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620).

Since the review procedure required by Code Ann. § 6-701 (a) 2, supra, was not followed here by seeking the required certificate of the trial judge, this appeal is not reviewable at this point in time. See

*Jordan v. Ford Motor Credit Co.,* 147 Ga. App. 515, 516 (249 SE2d 327); *Foskey v. Bank of Alapaha,* 147 Ga. App. 541 (249 SE2d 346); *Smalls v. Harrison,* 150 Ga. App. 473, 474 (258 SE2d 227). Compare *King Orthopedic Appliances v. Medical Funding Svcs.,* 152 Ga. App. 544, 546 (1) (263 SE2d 485); *Chapman v. Bank of Cumming,* 150 Ga. App. 85, supra; s.c., 154 Ga. App. 739 (270 SE2d 4). See also *Porter v. Midland-Guardian Co.,* 242 Ga. 1 (247 SE2d 743), reversing in part s.c., 145 Ga. App. 262 (243 SE2d 595).

*Appeal dismissed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 12, 1981.

*B. Andrew Prince,* for appellant.
*F. David Grissett,* for appellee.